## UNIVERSAL AUTOMOBILE INS. CO. v. CULBERSON et al.

### Motion No. 12207; No. 1906—6445.

Commission of Appeals of Texas, Section A.
Nov. 27, 1935.

For former opinion, see 86 S.W.(2d) 727.

T. R. Mears, of Gatesville, J. L. Goggans, of Dallas, and McClellan, Lincoln & Williams, of Waco, for plaintiff in error.

R. B. Cross and Robert W. Brown, both of Gatesville, for defendants in error.

GERMAN, Commissioner.

In motion for rehearing we are requested to clarify our opinion [86 S.W.(2d) 727] and state more fully our conclusions as to the right of D. H. Culberson to maintain suit in the following particulars:

First. For the benefit of Minnie Lou Witt in the amount in excess of $5,000.

Second. His right to maintain the suit to the extent of $750 for the benefit of his attorney in defending him in the suit by Minnie Lou Witt.

Third. His right to maintain the suit for the use and benefit of the officers of the court for the court costs.

In our opinion, we made it clear that under the terms of the contract, Miss Witt has no rights thereunder for any amount "exceeding the amount of the policy," to wit, $5,000, with interest thereon from the date of the entry of the judgment. It follows therefore that Culberson cannot sue for her benefit for any sum in excess of this amount. As Miss Witt has sued in her own behalf, we see no reason why Culberson should sue for her benefit as to this part of the judgment.

As to the right of Culberson to maintain suit to the extent of $750 for the benefit of his attorneys in defending him in the suit brought by Miss Witt, we think it clear that if it be shown that there was no failure on his part to co-operate in any of the particulars named in the policy, and there was no substantial or material interference on his part in any legal proceeding, and the attorneys for the company refused to defend the suit brought by Miss Witt without a just and reasonable excuse therefor, the company would be liable for reasonable attorneys' fees incurred by Culberson in defending the suit.

As to the third inquiry, we think it would be proper for the court, rather than to sustain the plea in abatement, to permit Culberson to amend his pleading in this suit so as to more clearly show that his action for costs and attorneys' fees is brought for the benefit of the officers of the court and his attorneys.

From the foregoing, as well as what was said in the original opinion, it is clearly evident that the question of co-operation on the part of Culberson with the insurance company in the suit by Miss Witt, which resulted in the judgment in her favor, is of such importance as to justify the reversal and remanding of the case in order that the question may be thoroughly and fairly tried. The motion for rehearing is overruled.

Opinion adopted by the Supreme Court.