## COMMERCIAL CASUALTY INS. CO. v. LOPER.

### No. 3030.

Court of Civil Appeals of Texas. Beaumont.
April 2, 1937.

Rehearing Denied April 14, 1937.

Smith, Smith & Boyd, of Beaumont, and Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Shivers & Keith, of Pt. Arthur, for appellee.

COMBS, Justice.

This case involving the principal sum of $146.84 originated in the justice court of precinct No. 2, Jefferson county, and was appealed to the county court at law where a trial de novo resulted in the judgment from which this appeal is prosecuted. The Insurance Company issued to the appellee, Joe Loper, its indemnity policy covering a truck owned by the appellee, insuring him from public liability, property damage, and collision. The truck covered by the policy was in a collision with an automobile driven by one Brandin and Brandin subsequently recovered a judgment by default against appellee for $139.44, which the Insurance Company declined to pay, and this suit followed. Various fact issues raised by the pleadings and the evidence were appropriately submitted to the jury and determined in favor of appellee.

### Opinion.

The appellant filed a plea of privilege in the justice court, which was duly controverted. It complains here that the justice of the peace declined to hear evidence on the plea and that in the county court the county judge, over the objection of. the appellant, took the plea of privilege "with the case" instead of first hearing and determining the plea before proceeding to trial on the merits. At the conclusion of the evidence in the trial on the merits the court overruled the plea of privilege.

The practice complained of is, of course, irregular and is not to be encouraged, since the matter of venue should, as a rule, be determined before the hearing on the merits. But even so, a trial court is invested with a reasonable discretion in such matters. It is necessary for an appellant to show that he has suf-

fered some injury by reason of the action of the court in refusing to dispose of the plea of privilege before the trial on the merits before an appellate court is authorized to reverse the case on such grounds. Randals v. Green (Tex.Civ.App.) 258 S.W. 528; Gilmer v. Graham (Tex. Com.App.) 52 S.W.(2d) 263; Griffin v. Linn (Tex.Civ.App.) 3 S.W.(2d) 148. Here no injury is shown nor attempted to be shown. As a matter of fact, the record shows affirmatively that the appellant was not entitled to have its plea sustained.

■■ There is no merit in appellant's further contention that the cause of action sued on was barred by the "two year statute of limitations." The suit was for debt, based on a written instrument, a policy of insurance, and hence the four-year statute governs the case. Article 5527, Vernon's Annotated Civil Statutes; 28 Tex.Jur., p. 112, and authorities cited. Plaintiff's contention is really grounded upon a provision of the policy, which provided, in substance, that "no action shall lie against the company to recover for any loss and/or expense covered by this policy unless said action is brought within two years after the occurrence causing the loss or damage." Such provision is in contravention of article 5545, Vernon's Annotated Civil Statutes and is, therefore, void. Taylor v. Ins. Co. (Tex.Civ.App.) 63 S.W.(2d) 1082, and authorities cited.

■ Appellant insists that the appellee was not entitled to recover because he had not paid the judgment in favor of Brandin. The plaintiff Loper alleged in substance, and so testified, that he brought the suit on behalf of Brandin and the officers of the court. It is not disputed that the appellant has thus far refused to pay the judgment, the reasonableness of which, incidentally, it does not question. Our Supreme Court, in the recent case of Universal Automobile Ins. Co. v. Culberson, 126 Tex. 282, 86 S.W.(2d) 727, 87 S.W.(2d) 475, decided the point against the appellant's contention.

Counsel have prepared their briefs with great care and urge many propositions pro and con which we do not deem it necessary to discuss. We have carefully reviewed the case and conclude that the judgment of the trial court should be affirmed.

Judgment affirmed.