**SHAW v. UNIVERSAL LIFE & ACC. INS. CO.**

No. 13036.

Court of Civil Appeals of Texas. Dallas.

June 13, 1941.

Rehearing Denied July 11, 1941.

Clifford Craig, of Dallas, for appellant.

Storey, Sanders, Sherrill & Armstrong, of Dallas, for appellee.

LOONEY, Justice.

Charlie Shaw, a colored woman, appellant herein, brought this action against the Universal Life & Accident Insurance Company, the appellee, to recover the amount of weekly sick benefits alleged to have ac-crued prior to the institution of the suit, under the provisions of a policy issued by appellee to the appellant, who appealed from an adverse judgment. This is the second appeal of this case. The record on the first appeal will be found in Tex.Civ.App., 123 S.W.2d 738. The case went off on questions relating to pleadings, but a full statement was given in the report as to the nature of the case, and is referred to.

Appellant's petition is quite lengthy; but, in substance, alleged the issuance of the policy sued upon, containing provisions, among others, for the payment of sick benefits of $7 per week to the appellant, so long as total disability continued; that appellant became sick and was disabled by reason thereof, and, under the terms of the policy, was entitled to the weekly benefits provided therein; that for a considerable length of time, appellee, recognizing liability, paid appellant weekly benefits; but later, through one of its representatives, took from the possession of appellant her policy and receipt book, pretending that certain corrections were necessary; but, in truth, the purpose and intention of the appellee was to renounce its contractual obligation to appellant, which it did, and thereafter refused to pay the benefits of $7 per week to which she was entitled under the provisions of the policy, in that, at the time of the attempted cancellation and renunciation, she was totally disabled from sickness, and has since continued in that condition; wherefore, she prayed judgment for the amount of the weekly benefits that had accrued, and interest, 12% statutory damages, and a reasonable attorney's fee.

Appellee's answer, though lengthy, in effect is simply a general denial, and a plea of statutory and contractual limitation, of two years, and statutory limitation of four years.

The applicable provisions of the policy are that: "In consideration of the payment in advance of the premium stated in the Schedule below (35¢ per week), on or before each and every Monday, * * * eighty per cent (80%) of which is for insurance against disability from sickness or accident, The Universal Life and Accident Insurance Company hereby agrees, subject to the conditions herein, to pay to the Insured (an endowment after the insured passes 69 years of age) * * * and in case of disability prior thereto from sickness or accident, to pay to the Insured the weekly benefits named in the Schedule be-

low ($7), and otherwise provided herein, according to the terms hereof." Among other conditions, it is provided that, "* * * except as otherwise expressly provided herein, this Policy shall become void if the weekly premiums shall not be paid according to the terms hereof. * * * Benefits will be paid for each day that the Insured is by reason of illness necessarily confined to bed and * * * disabled from performing work of any nature, * * *. The total number of days for which benefits will be paid is limited to one hundred and eighty-two (182) days during any twelve consecutive months. After expiration of payment of 182 days benefits, the Company will continue this policy in full force and effect (provided total disability continues) until the next claim drawing date. Benefits under this clause will be paid each seven days, except when payment is for less than one week, then payment will be made at the rate of one-seventh of the weekly benefits for each day." The paragraph relating to cancellation, in part, reads: "Except within the contestable period, and then only for material misrepresentation in the application herefor, the Company will have no right to cancel the life insurance herein granted, except for nonpayment of premiums. * * * Such cancellation * * * shall be without prejudice to any claim originating prior thereto."

On proper submission, the jury found that, in July, 1931, a representative of the appellee took from appellant's possession the policy in question; that, at the time, she was confined to her bed, and was in that condition for a period of four years and ten months; that all premiums on the policy had been paid to November 2, 1931; that appellee's manager denied liability on the policy in August, 1931, and thereafter refused to accept premiums from appellant, or to pay the accrued and accruing weekly benefits, and denied liability therefor. These findings, in our opinion, are fully sustained by evidence, and are adopted as our conclusions on the points indicated.

In addition to the findings made by the jury, the record discloses certain receipts executed by the appellant, showing payment of twelve weekly benefits of $7 each in 1929, and eighteen in 1931, for disability resulting from a rectal trouble, the last payment being in August, 1931. Appellant testified that, as the result of her affliction, she underwent two surgical operations, and remained for a considerable length of time in a hospital. Dr. R. A. Henderson, one of the physicians who treated the appellant, testified that he visited her professionally first in March, 1932, and the last time in 1937; found, on his first examination in 1932, that she was suffering "from a rectal abscess which had defied all surgical intervention up to that time and has thus far"; saw and visited her at intervals for about five years, during which time she was confined to her bed most of the time and should have been strictly confined to the bed; "That was my advice, that she should remain in bed, because being on her feet aggravated the condition and made everything worse. There is no cure for her trouble that has been found." Mr. J. O. McDonald, appellee's manager, testified that, he was instructed by the Company to cancel this policy; that he did not notify appellant in advance the policy would be canceled; that at the time of its cancellation, premiums thereon had been paid in advance for approximately thirteen weeks; as to the reason for the cancellation, this witness testified: "I know of my own knowledge why Universal Life & Accident Insurance Company wanted to get rid of Charlie Shaw's policy. She was a chronic claim-drawer, drawing claims all the time, and the financial condition of the Company at that time was very bad. That was the reason assigned to me for having the policy canceled."

■■ In view of the quoted provisions of the policy, the facts found by the jury, and the additional facts stated, we are at a loss to understand why judgment was rendered for the appellee, unless the court was of opinion that appellant's cause of action was barred by limitation. Although appellee plead in bar contractual limitation of two years, that defense was not insisted upon, or urged in its brief. However, if it had been, such contention would have been overruled under authority of Taylor v. National Life, etc., Co., Tex.Civ.App., 63 S.W.2d 1082, where the court held void language substantially the same as that contained in the policy under consideration, because requiring suits to be filed within two years, in violation of Art. 5545, R.C.S. To the same effect, see Commercial Casualty Ins. Co. v. Loper, Tex.Civ.App., 104 S. W.2d 580.

■ The suit being upon a written contract the four years' statute of limitation, Vernon's Ann.Civ.St. art. 5527, was the only one applicable. It follows, we think, that as

appellee contracted in writing to indemnify the appellant if becoming disabled from sickness, during the continuance of such disability, she had a separate cause of action for each weekly allowance, and could have sued for each separately. (See Rau v. American Nat. Ins. Co., Tex.Civ.App., 154 S.W. 645, and the authorities cited). However, she could wait and hold appellee responsible for the consequences of its nonperformance by suing for the aggregate amount of weekly benefits accruing prior to the institution of suit, but, in view of the plea of limitation, could not recover for any benefit accruing more than four years prior to the time the suit was filed.

One of appellee's contentions is that, as appellant failed to pay any premiums on the policy after the attempted cancellation, and did not direct the application of the unpaid benefits claimed to be owing her, to the payment of premiums, the policy lapsed; therefore, she was not entitled to recover. Without affirming or denying the correctness of this proposition, we think it sufficient to say that the attempted cancellation of the policy was not for the nonpayment of premiums, but, in our opinion, was arbitrarily attempted without legal justification, at a time when the policy was alive, premiums having been paid in advance. Although, under provisions of the policy, we do not think the appellant was required to pay weekly premiums during the period of her disability, yet it seems she was required to do so. After the policy was taken from her possession, she offered to pay premiums, but was informed by the manager that the contract was at an end; that premiums would not be received, nor would benefits be paid. The insurance contract provides, among other things, that "Benefits will be paid for each day that the insured is by reason of illness necessarily confined to bed * * * disabled from performing work of any nature. * * * The total number of days for which benefits will be paid is limited to one hundred and eighty-two (182) days during any twelve consecutive months. After expiration of payment of 182 days benefits, the Company will continue this policy in full force and effect (provided total disability continues) until the next claim drawing date." And, in the paragraph relating to the right of cancellation, it is provided, among others, that the policy may be canceled for nonpayment of premiums, but that, "Such cancellation * * * shall be without prejudice to any claim originating prior thereto." So, we conclude that, under the provisions of the policy, appellant was not required to pay premiums, therefore, any attempted cancellation, even if based upon that ground, would have been ineffectual.

It follows from what has been said that we are of opinion appellant was entitled to recover; therefore, the judgment below will be reversed and judgment here rendered in her favor for all weekly allowances accruing during the four years next preceding the institution of the suit; or, expressed differently, 104 weeks at $7 per week, $728; twelve per cent damages thereon, provided by statute, Vernon's Ann. Civ.St. art. 4831a, $87.36; a reasonable attorney's fee, agreed upon to be one-third of the principal amount, or $242.66; and six per cent interest on the principal for the period from the institution of the suit, September 8, 1936, to the rendition of judgment, October 10, 1939, three years and one month, which amounts to $134.68; a total of $1,-192.70, for which judgment is here rendered in favor of appellant, against the appellee, to bear six per cent interest from the date, October 10, 1939, judgment should have been rendered in her favor in the court below; and all costs of suit, for which appellant and the officers of court may have execution.

Reversed and rendered.