## CENTURY LLOYDS v. BARNETT et al.
### No. 3081.

Court of Civil Appeals of Texas. Waco.
June 18, 1953.

Rehearing Denied July 16, 1953.

Chaney & Davenport, Dallas, John C. Ridley and Edwin H. Frank, Jr., Houston, for appellant.

LeGrand J. Woods and Kirkham & Graham, Corpus Christi, for appellees.

TIREY, Justice.

The appellees brought this suit in garnishment after judgment against the appellant. On January 11, 1951, the appellees recovered judgment in the District Court of Nueces County against Homer Green for the sum of $12,500 for injuries sustained by Mrs. Barnett in an automobile accident. Green excepted to the judgment but did not prosecute his appeal. Thereafter, on May 16, 1951, appellees filed their application for writ of garnishment in the District Court of Nueces County, which application, among other things, stated that they had reason to believe that Century Lloyds is indebted to defendant Homer Green. Appellant filed its plea of privilege to be sued in Harris County, which plea was sustained and the cause transferred to the District Court of Harris County. Thereafter Century Lloyds answered to the effect that it was not indebted to defendant Homer Green and this answer was traversed by the appellees. Pertinent to this discussion appellees alleged that appellant had theretofore issued its automobile policy No. 4031, which policy provided that the automobile used by Homer Green for business and pleasure would be covered by insurance as provided in the policy; that

such policy was in full force and effect at the time Green's car was being driven by him in the city limits of Corpus Christi, Nueces County, and that it collided with a car being driven by Leroy S. Williams at which time Josephine Barnett, wife of plaintiff, was a passenger or guest and at which time Mrs. Barnett received injuries, which claim had been reduced to judgment as above stated. Homer Green seasonably filed his plea of intervention in this garnishment suit and alleged that appellant breached its obligation in the policy to defend him in the foregoing suit, and that he had obligated himself to pay the sum of $500 as a reasonable fee to his attorney for services to defend him in the suit brought against him by appellees and asked that appellant be required to pay the full amount of the policy to apply to the payment of the judgment rendered against him and he asked for his attorney's fees and for general relief. Pertinent to this discussion appellant averred that it was not indebted to Homer Green by reason of the contract of insurance it had issued and delivered to him because of certain defaults made by Green and these issues were properly tendered by the pleadings. The court overruled all motions for instructed verdict.

The jury found substantially (1) that Green's failure to appear in Corpus Christi on January 8, 1951 for the purpose of the trial of the Barnett case against him was because Century Lloyds had failed to advance him his expenses of travel; (2) that prior to January 8, 1951 Century Lloyds had promised and agreed to advance Green his expenses of travel; (3) that Green's failure to appear in Corpus Christi on January 8, 1951 for the purpose of the trial of his case was not because Century Lloyds had failed to pay him for his loss of earnings; (4) that Green was not financially unable to travel to Corpus Christi at his own expense for the purpose of attending the trial of his case on January 8, 1951; (5) that the sum of $500 would reasonably compensate the attorney for Green in the defense of his case at Corpus Christi. Judgment was rendered against appellant in accord with the findings of the jury and appellant seasonably perfected its appeal.

Appellant has assailed the judgment on six points. They are to the effect: (1) that since the insured failed to forward immediately to the company the citation served upon him in the main suit, the company was relieved from any liability; (2) that the insurer is not liable because Green failed to cooperate with it in the defense of his suit by refusing to appear from the trial of the suit brought against him; (3) that the insured's conduct complained of was not an accident within the meaning of the policy; (4) that the judgment rendered is contrary and without support in the pleadings; (5) that the judgment rendered is contrary to the undisputed facts and verdict of the jury; and (6) that the court erred in refusing to submit garnishee's requested issue as to whether or not its insured had made any agreement with the plaintiffs to its prejudice. We are not in accord with any of these views.

In reply appellees say in effect (1) as a matter of law the delay of Green in forwarding citation was harmless in immaterial and that appellant was in no way prejudiced thereby; (2 and 3) appellant was not prejudiced by Green's nonappearance on January 8th because the case was re-set and did not go to trial, and because the jury found that Green's nonappearance was due to the fault of appellant in breaching its express agreement to send him traveling expenses; (4) that negligent acts of collision by Green constituted an accident within the meaning of the policy and required the carrier to defend the action and pay any judgment rendered within the policy limits; (5) the pleadings, evidence and verdict of the jury are all amply supported in accordance with the judgment rendered; and (6) that the evidence did not tender an issue that the carrier's insured had made an agreement with plaintiffs to the carrier's prejudice. We are in accord with these views.

A statement is necessary. Testimony was tendered to the effect that Josephine Barnett sustained personal injuries as the result of an automobile collision on June

13, 1950 in Corpus Christi, at which time the car in which she was riding as a passenger came into collision with one owned and operated by Homer Green; that Green carried a liability insurance policy with Century Lloyds; the accident occurred within the city limits of Corpus Christi in the early part of the night; that next day the Meers Claim Service began to investigate the accident and contacted Homer Green and he gave them a detailed written statement. Meers Claim Service was acting upon the instructions of Century Lloyds. After the Meers Claim Service completed its investigation it began negotiations for settlement of the claim and was unsuccessful. Thereafter Barnett and wife filed suit against Homer Green. Homer Green was a rig builder and subsequent to the accident he was living at Snyder, Texas, engaged in his regular employment. Citation was served on him at Snyder on October 21, 1950 and answer should have been filed on November 13, 1950; however, no answer was filed on that date. On November 13, 1950 Green mailed the citation into the main office of Century Lloyds at Houston, where it was promptly received. Green did not have his policy with him in Snyder and did not recall the name and address of the insurance company and at that time he was working long hours and driving some 70 miles back and forth from a tourist court in Snyder where he was residing at that time. He did telephone the Corpus Christi agent who sold him the policy and obtained the name and address of his carrier and was instructed to mail the citation to the carrier at its Houston office. On November 15, 1950 LeGrand Woods, attorney for plaintiffs, wrote to Century Lloyds to the effect that the case was set for December 4, 1950 and that answer to the citation should have been filed on November 13th, but he had not and would not take default. Subsequent to this time the insured employed a Corpus Christi attorney to defend the case, but its answer was not filed until December 4, 1950, and after filing its answer it requested the court to re-set the case on the ground that defense counsel was otherwise engaged, and the case was re-set for January 8, 1951. Century Lloyds, through its investigating agency at Midland, contacted Green and insisted that he execute a non-waiver agreement, and this he did. The agents advised him that he would be expected to attend the trial on January 8, 1951 and that he would be reimbursed for traveling expenses and for loss of time on the basis of $50 per day. Later he was contacted and was told that he could not be paid for loss of time but that they would advance traveling and expense money. Green heard nothing further and on Thursday or Friday night (this appears to be the week before the case was set for trial on January 8, 1951) he attempted to telephone defense counsel at Corpus Christi and was told that counsel was reading his evening paper and to call the next day at the office. He then called the Houston office of Century Lloyds and talked to Warren P. Castle, Jr., a representative of the company. Castle told him that a ticket and traveling expenses would be sent and would reach him Saturday. These did not arrive and Green thought the case had been postponed or disposed of and that his presence was not needed in Corpus Christi. On Monday, January 8, 1951, counsel for Century Lloyds requested the court and bailiff to call around the courthouse corridor for the defendant Homer Green. When Green did not respond, counsel thereupon withdrew from the defense of the case and walked out of the courtroom. Castle gave his consent for counsel to withdraw. The court re-set the case for Thursday, January 11, 1951, and wired Homer Green to that effect, suggesting that he appear and be prepared to defend his case. Upon receiving the wire Homer Green borrowed $40.00 and at once proceeded to Corpus Christi. Before leaving he contacted the Snyder law office of Pinchinson & Davis, and upon reaching Corpus Christi he contacted John Pinchinson. Thereupon Dean B. Kirkham was called into the case as associate counsel and on January 10, 1951 a day letter was delivered to the firm of Lewright, Dyer, Sorrell & Redford, attorneys theretofore employed by Century Lloyds, advising them that Homer Green was available and ready

and willing to appear on Thursday and made demand on them to defend the case and furnish him with defense counsel. A straight telegram to that same effect was sent to Century Lloyds at its home office in Houston. Defense counsel by letter dated January 10, 1951 refused to appear and defend the case set for January 11, 1951. On Thursday, January 11, 1951 Homer Green appeared in person and by his attorneys, Mr. Kirkham and Mr. Pinchinson, and a record of what had transpired was made and the situation explained and heard by the trial court. The case on its merits then proceeded to trial before the court without a jury and resulted in the court rendering judgment against Homer Green for $12,500. This judgment was entered on January 14, 1951. The exact date is not shown when Century Lloyds placed the matter of the defense of Homer Green into the hands of its attorney Lewright, but the record shows that it was somewhere during the latter part of November and prior to December 4, 1950. Mr. Lewright testified to the effect that after he was employed he filed a formal answer, and further testified: "Q. Then, on January 8, 1951, when you appeared in court, you were ready to try the case on behalf of the defendant? A. I was ready to take whatever action, yes, as his attorney, should have been taken in behalf of Mr. Green. Whether or not I had an answer ready, whether or not I would have sought a postponement, I don't know what I would have done, there is no way of telling. I had never talked to Mr. Green previously except in telephone conversation, I had never gone over the facts with him, I had never had opportunity to prepare the case for trial, and I must certainly have felt at the time, had Mr. Green shown up, I would have tried to get some 24 to 36 hours postponement to give me the opportunity to go over the facts of the case, to get the thing in better shape in my mind."

Under the record here made we think appellant's appeal presents only one major question and that is: Did Green, the insured, by his failure to appear on January 8, 1951, breach his obligation to Century Lloyds in any material or substantial particular that authorized it to refuse to defend him in the original suit. Our view is that he did not.

■ Our Supreme Court in Universal Automobile Insurance Co. v. Culberson, 126 Tex. 282, 86 S.W.2d 727, 731, made this statement of the rule: "If there was a breach of his obligations in any material or substantial particular, or any interference by him in any legal proceedings, the company's attorneys had a right to withdraw from the case. If, however, there was no failure on the part of Culberson to co-operate in any of the particulars named in the policy, and there was no substantial or material interference on his part in any legal proceedings, the company was not released from its obligation to defend the suit, and would be in the same position as if it had taken charge of the defense." Our Supreme Court has never departed from this rule, and we think it is applicable and controlling here. See cases collated in 22, Tex.Dig.Ins., ■ ■ see also 72 A.L.R. 1453, 1455; 139 A.L.R. 777, 780; Hoff v. St. Paul Mercury Ins. Co., 2 Cir., 74 F.2d 689; Murphy v. Hopkins, 1942, 68 S.D. 494, 4 N.W.2d 801; American Fire & Cas. Co. v. Vliet, 148 Fla. 568, 4 So.2d 862, 139 A.L.R. 767; Coleman v. New Amsterdam Cas. Co., 247 N.Y. 271, 160 N.E. 367, 72 A.L.R. 1443; George v. Employers Liability Assur. Corp., 219 Ala. 307, 122 So. 175, 72 A.L.R. 1438.

■ This record shows that Century Lloyds had immediate notice of Green's accident; that he gave his story as to how the accident happened to Meers Claim Service, and after they made their investigation, under authority of Century Lloyds, they tried to settle the case but failed. Thereafter the Barnetts caused suit to be filed. In the meantime Green's employment had taken him to Snyder, Texas, where he was engaged in the pursuit of his occupation, and Century Lloyds contacted him there through their agents. Under the jury's findings, Century Lloyds promised to furnish Green his expenses to attend the trial of the case. In the meantime the carrier filed only a general denial, and it

does not appear the Century Lloyds made any attempt to obtain further statements or information from Green. It is true that there was a slight delay on the part of Green in mailing citation to Century Lloyds, but there is no evidence that such failure in any way prejudiced the rights of the carrier. Attorneys for plaintiffs wrote Century Lloyds, calling its attention to the fact that no answer had been filed, but that they did not intend to and would not take default judgment, and thereafter Century Lloyds assumed the responsibility of defending the suit and filed its answer and the case was set for December 4, 1950, and re-set, at Century Lloyds' request, for January 8, 1951. Green failed to appear on January 8, 1951, when his case was called for trial, but under the record before us, Century Lloyds was not fully prepared for trial on that date. The Barnetts sought to recover damages against Green for a sum in excess of $50,000. Except for Green's failure to appear on January 8th (and the jury placed such failure on the carrier), there is no evidence that Green failed in any other respect to cooperate fully with Century Lloyds in the defense of his case. Century Lloyds, through its attorney, admitted that it was not fully prepared to go to trial on January 8th. Counsel admitted that he needed more time to get familiar with the case and prepare it for trial, although Century Lloyds had had notice of this accident and claim since June 14, 1950, and notice of the suit since about the middle of November 1950. Since the case did not go to trial on January 8th but was re-set for the following Thursday, January 11th, the case was actually postponed for more than 36 hours, which was the maximum time counsel for the carrier said he would need to prepare his case for trial. Green came to Corpus Christi and was available to Century Lloyds and its attorney on Wednesday, January 10th. On that date Green made demand, through his attorney on Century Lloyds and its attorney to represent him. Century Lloyds, and its attorney, acting with the consent of Century Lloyds, refused to defend Green in the suit. Since the jury's verdict acquits Green

of lack of cooperation in that he failed to appear at the trial on January 8th and fixed such failure on appellant, and since the cause was re-set for January 11th, it is our view that the carrier's rights were not prejudiced by Green's failure to appear on January 8th, and that the trial court correctly held in effect that Century Lloyds breached its contract when it failed to defend Green, and that such carrier thereby became obligated to pay the sums therein provided within the terms of the policy.

 We are of the further view that the trial court did not commit error in refusing to submit garnishee's requested issue as to whether or not Green had made any agreement with plaintiffs to its prejudice because the evidence fails to tender such issue.

Accordingly, appellant's points 1 to 6 inclusive are overruled, and the judgment of the trial court is affirmed.