Howard KLEIN et al., Appellants,

v.

CENTURY LLOYDS, Appellee.

No. 6388.

Court of Civil Appeals of Texas.

Amarillo.

April 5, 1954.

Rehearing Denied May 10, 1954.

Brummett, Brummett & Salyars, Lubbock, for appellants.

Chaney & Davenport, Dallas, for appellee.

MARTIN, Justice.

Appellants, Howard Klein and daughter, Mary Genevieve Klein, were injured in an automobile collision with Charles Gunter, a 21-year old man employed as a roughneck in the oil fields. Appellee, Century Lloyds, is the insurer of Charles Gunter. Appellants, after obtaining a judgment against Charles Gunter in amount $10,799.-51, sought a recovery of the same against appellee as his insurer. The trial court disregarded the findings of the jury as detailed hereinafter and entered judgment for appellee. Appellants present 8 points of error on appeal.

The record reveals that Gunter failed to notify appellee, his insurer, in writing of the occurrence of the accident until approximately 31 days had elapsed thereafter. Appellants filed an original suit against Gunter on June 3, 1950. Appellee was joined as a party defendant in this suit on January 24, 1951, but this suit, Cause No. 1012, was dismissed in March 1951 at the request of plaintiffs. It is an undisputed fact and stipulated by the parties to this appeal that no copy of the citation served upon Gunter in Cause No. 1012 was ever forwarded to the appellee. Appellants, following the dismissal of the above numbered cause, filed a second suit against Gunter, Cause No. 1060, and caused citation in the cause to be served on Gunter who forwarded the same to the appellee. Judgment was taken in Cause No. 1060 and a suit thereafter filed against appellee as insurer for Gunter to recover such judgment.

Appellee's defenses as asserted in the cause on trial are that Charles Gunter failed to notify it in writing of the occurrence of the accident as soon as practicable, that he failed to immediately forward to appellee the original damage suit citation and that he also failed to cooperate with the company in the defense of the suit as required by the contract of insurance between appellee and Gunter. Appellee likewise asserts that the collision was not an accident within the terms of the policy in that it was the result of an assault and battery committed by Gunter.

Appellants' major contention is that appellee was estopped to assert as a defense the fact that Gunter failed to forward to it the citation served on him in the original suit. Appellants' theory of estoppel under this issue is that appellee advised Gunter that his insurance was limited to coverage of his own motor vehicle and that Gunter, in reliance upon such representation by appellee's agent, failed to forward the citation

served upon him in the original suit, Cause No. 1012. Appellants also assert that notice in writing of the collision was given appellee as soon as practicable and that Gunter cooperated with Century Lloyds as requested. Appellants also urge as a proposition of law that since no harm or prejudice was shown to have resulted to appellee by reason of the failure of Gunter to comply with the policy provisions requiring him to give written notice of the collision as soon as practicable and to forward to appellee the citation served upon him in the original cause, they are therefore entitled to recover against appellee as insurer for Gunter.

Under appellants' theory of the cause as above outlined, they obtained jury findings in the trial court that one J. W. Johnson, agent of appellee, had advised Gunter that that insurance policy issued to him by Century Lloyds was limited to collision damage to his own vehicle and that such statement led Gunter to believe that he had no public liability insurance with Century Lloyds and that Gunter relied on such representation, causing him to fail to forward to appellee the citation served upon him in Cause No. 1012, Klein et al. v. Gunter. The jury further found that Gunter had given written notice to appellants of the occurrence of such collision as soon as practicable and that he had cooperated with Century Lloyds as requested. No issue was submitted to the jury, or requested, on the issue of whether Gunter had committed an assault and battery in regard to the collision.

The trial court, on motion non obstante veredicto, disregarded the above detailed findings of the jury and entered judgment for appellee. The appeal turns on the issue of whether the trial court erred in disregarding such jury findings. The issue asserted by appellants that they were entitled to recover as a matter of law in the absence of harm or prejudice resulting to appellee from Gunter's delay in notifying appellee of the collision and in forwarding to it the citation served on him will also be briefly discussed.

It is undisputed that Gunter appeared in the County Court in Garza County four days following the collision and, without any notice to appellee as his insurer, entered a plea of guilty to the charge of aggravated assault with a motor vehicle, a complaint arising out of the collision. It is likewise undisputed that Gunter did not give any notice in writing to appellee of the collision or of the pending claim for damage until 31 days following the date of the collision. Under these facts, and others in the record, the trial court correctly disregarded the jury finding that Gunter gave notice in writing of the collision as soon as practicable.

The record reveals, and the parties so stipulated, that upon the filing of the original cause of action, No. 1012, Gunter wholly failed to forward the citation in the cause to appellee. Upon this issue the trial court also correctly entered judgment for the appellee in that there is no evidence in this record that Gunter in failing to forward such citation relied upon the statement of an agent of appellee that his insurance coverage was limited to collision damage to his own automobile. On the issue of estoppel predicated on the theory advanced herein, it would appear on sound principle that Gunter was bound by the provisions of the written contract of insurance issued to him. At least, it is not revealed in this record as to the principle of law under which Gunter was authorized to rely on parol statements given him by an agent as to the stipulations in his written policy of insurance rather than the contract itself as issued to him by the appellee insurer. But, aside from such issue since it was not raised on appeal, Gunter was not present at the trial of the cause and his evidence on the issue of estoppel was not presented by deposition or otherwise. In fact, the extent of Gunter's total disassociation from the cause and issues therein and lack of interest in his insurance coverage is revealed by a disinterested witness in the following testimony: "He did not seem to be particularly concerned whether a judgment was had against him or not, or whether the insurance company would have

to pay on their policy. His main worries seemed to be whether or not he could be put in jail if he did not appear." The record on the issue of lack of cooperation reveals that Gunter, when questioned following the collision, was not even able to give the appellee the name of the person in the car with him at the time of the collision or the name of the person in the car with which he collided. The record is wholly devoid of any evidence establishing the facts relied upon by appellants as a basis for either estoppel or as to the issue of cooperation on the part of Gunter.

■ Since the undisputed facts reveal that Gunter failed to give notice of the collision as soon as practicable, wholly failed to immediately forward the citation in the original cause of action and also failed to cooperate with appellee in the defense of any actions arising out of the collision, the learned trial judge correctly disregarded the jury findings on such issues and rendered judgment for appellee. Such judgment is impelled by the written provisions of the contract of insurance and is supported by the following ruling of the Supreme Court in New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W. 2d 56, 58, decreeing the legal effect of failure to give notice as required by a policy of insurance such as here in issue:

> "Our conclusion is that, viewing the notice requirement under its designation as a condition and in connection with the proviso, the necessary implication to be drawn therefrom is that failure to give notice of an accident or suit as soon as reasonably possible invalidates the claim for indemnity. This conclusion, we think, is well supported by authority."

The policy provision requiring immediate forwarding of the citation is governed by the same rule as above quoted. Century Lloyds v. Barnett, Tex.Civ.App., 259 S.W. 2d 768, writ refused; General Acc. Fire & Life Assur. Corporation, Limited, v. Butler's Ice Cream Factory, Inc., Tex. Com.App., 5 S.W.2d 976; Universal Automobile Ins. Co. v. Culberson, Tex.Com. App., 126 Tex. 282, 86 S.W.2d 727; Commercial Standard Ins. Co. v. Harper, 129 Tex. 249, 103 S.W.2d 143. Appellants' Points 1, 2, 3, 4, 5, and 8 presenting the issues above detailed are accordingly overruled.

Appellant insists, as a rule of law, that since no harm or prejudice was shown to have resulted to appellee by reason of the failure of Gunter to comply with the provisions of the contract of insurance as to forwarding to appellee the citation in the original cause, they are entitled to judgment against appellee. No ruling is required on the fact issue as to whether appellee suffered any harm or prejudice from Gunter's failure to comply with the provisions of the policy as to notice and as to forwarding of the citation as the Supreme Court, speaking through Justice Hickman, in New Amsterdam Casualty Co. v. Hamblen, supra, expressly ruled that in the absence of an exception placed on the notice requirement by the policy provisions the courts are not authorized to add the further one that a showing of no loss or damage resulted from the delay would relieve the insurer of the consequences of his failure to give immediate notice— " * * * we are not authorized to add the further one that a showing that no loss or damage resulted from the delay would relieve the insurer of the consequences of his failure to give immediate notice." Also see Century Lloyds v. Barnett, supra. The policy provision requiring the immediate forwarding of the citation to appellee would also be governed by the same rule.

■ Under the rulings hereinabove made disposing of the appeal, appellants' contention under Point 7 that the trial court erred in admitting testimony to the effect that Charles Gunter committed an assault and battery upon appellant Klein at the time of the accident becomes immaterial. Appellants' Point 6 asserts that appellee was estopped to assert the defense that Gunter had committed an assault and battery for which it was not liable under the terms of the policy in that it had written Gunter a letter outlining its reasons for

not defending appellants' suit against him and had not included therein the issue as to Gunter having committed an assault and battery on appellant Klein. Appellee could not be estopped from asserting in court any defense it might have as to a cause of action merely by writing Gunter a letter outlining its reasons for not defending Cause of Action No. 1060 as filed against Gunter by appellants. This is particularly true when there is no evidence in the record that Gunter ever relied upon this letter or changed his position in any manner as to a defense of said cause. Further, the letter written by appellee did assert the defenses material to the cause of action and as finally pleaded by it in defense of the suit.

All points of error are overruled and the judgment of the trial court is affirmed.