TRANSIT CASUALTY COMPANY,
Appellant,

v.

Mrs. Lorena Bates SMITH et al.,
Appellees.

Mrs. Lorena Bates SMITH et al.,
Appellants,

v.

TRANSIT CASUALTY COMPANY,
Appellee.

No. 26311.

United States Court of Appeals
Fifth Circuit.

April 15, 1969.

Rehearing Denied May 8, 1969.

Paul Brown, Sherman, Tex., R. A. Dean Carlton, Meer, Chandler & Carlton, Dallas, Tex., Brown, Kennedy & Hill, Sherman, Tex., for appellant.

Jack Gray, John L. Sullivan, Fred H. Minor, Denton, Tex., Frank Finn, Jr., George C. Chapman, Dallas, Tex., for appellee.

Before THORNBERRY and MORGAN, Circuit Judges, and LIEB, District Judge.

PER CURIAM:

This appeal arises from a judgment below growing out of a "Stowers Doc-

trine"[1] action by Mrs. Lorena Smith, appellee, against her insurer, Transit Casualty Company. Mrs. Smith, along with Mrs. Leo Selz, were plaintiffs in the court below.

The case grows out of a collision which occurred near Denton, Texas, between an automobile owned and driven by Mrs. Selz's deceased husband, and an automobile driven by Mrs. Smith. Thereafter, Mrs. Smith brought an action in the District Court of Denton County, Texas, alleging that Mrs. Selz and a Miss Morris, a third party, were negligent in causing her personal injuries. By way of a cross-action, Mrs. Selz, individually, and as independent executrix of the Estate of Leo Selz, proceeded against Mrs. Smith. Transit assumed charge of the defense of the cross-action, and Mrs. Smith retained her own counsel for her cause of action.

At the close of the evidence presented by Mrs. Smith in the state action, the Denton County District Court granted an instructed verdict against Mrs. Smith and her claim for damages against the Selz Estate. The cross-action of Mrs. Selz was submitted to a jury and resulted in a verdict in favor of Mrs. Selz against Mrs. Smith for the sum of $81,375.00. Miss Morris, whose insurance carrier had offered to settle for her entire policy limits, was exonerated. After an appeal to the Fort Worth Court of Civil Appeals, the judgment against Mrs. Smith was reduced to the sum of $51,375.00.

Prior to and during the damage suit trial in the state court, there was discussion among counsel for all concerned as to the possibility of a settlement satisfactory to all the parties. The insurance carrier for Miss Morris offered her entire policy limits. Mrs. Selz's attorneys offered to settle the Selz claim for $4,500.00 with Transit, whose policy limits

covering the Smith vehicle were $5,-000.00, but Transit declined and the negotiations for settlement thereby failed.

After the writ on the state court judgment was returned nulla bona, Mrs. Smith executed a promissory note for $51,375.00 payable on demand to Mrs. Selz, and wrote a check for $5.00 as an initial payment on the note, receiving a receipt therefor. Along with the note and check, Mrs. Smith executed a written assignment to Mrs. Selz for her cause of action against Transit to the extent of $51,375.00 for its negligent failure to settle within the policy limits, but Mrs. Smith expressly reserved any claim she might have for punitive damages against Transit.

Thereafter, Mrs. Smith and Mrs. Selz brought this declaratory action in the state court which was properly removed to the federal district court under Title 28, U.S.C., Section 1441. After a trial of the action in the district court, the Court made findings of fact and conclusions of law which held that under Texas law the failure of Transit to settle the Smith claim for $4,500.00, which was within the limits of the policy, constituted a failure on the part of Transit to exercise ordinary care to protect its insured, and that such failure was a proximate cause of the entry of the $51,375.00 judgment against Mrs. Smith. The trial court further held that the note given to the judgment creditor, Mrs. Selz, by Mrs. Smith which purported to be a payment of the judgment was not bona fide, and would not enable Mrs. Smith to avoid the Texas rule of prepayment[2] as a prerequisite before an action could be brought by Mrs. Smith against Transit, the insurer. However, the district court held that since Mrs. Smith had made a $5.00 payment on the judgment to Mrs. Selz, a cause of action existed for $5.00 and

1. The so-called "Stowers Doctrine" was first established in the case of Stowers Furniture Co. v. American Indemnity Co., 15 S.W.2d 544 (Tex.Com.App., 1929), where the court held that since the insurance carrier gives an insurer complete control of the litigation, it is bound to exercise ordinary care to protect the interests of the assured.

2. Universal Automobile Insurance Co. v. Culberson, 126 Tex. 282, 86 S.W.2d 727 (Tex.Com.App., 1935), reh. den. 126 Tex. 282, 87 S.W.2d 475.

for any amount paid on the excess judgment, so that insured had a valid cause of action for $5.00 which was properly asserted by Mrs. Selz through assignment. The court thereupon entered a declaratory judgment for any and all future amounts paid by Mrs. Smith on the excess judgment of Mrs. Selz. Mrs. Smith's and Mrs. Selz's actions for punitive damages were disallowed. The court also found against both plaintiffs in their claims for actual damages asserted against Transit for moneys claimed because of Transit's failure to settle in the state action.[3]

Transit, on appeal, asserts as error the granting of the damages or declaratory relief to Mrs. Smith, contending that the district court had found that Mrs. Smith had assigned her claim to Mrs. Selz;[4] that the assignment violated public policy, was a sham, and permitted double recovery for Mrs. Selz; and that Mrs. Selz had no standing to sue for an amount in excess of the policy limits. Transit also contends that neither plaintiff may recover under the "Stowers Doctrine" because there was no prepayment of any part of the judgment, the $5.00 being a payment on the sham note; and, further, that, as a matter of law, Mrs. Smith was guilty of contributory negligence, along with Mrs. Selz, in attempting to force Transit to settle the case and disregard the merits of the case, thereby precluding Mrs. Smith from recovery.

The appellee Mrs. Smith, on cross-appeal, asserts error by the trial court in not awarding Mrs. Smith punitive damages and not awarding alleged actual damages which would have been realized under the proposed settlement in the state court, and in failing to hold Transit liable for interest on the entire judgment.

The very able District Judge wrote a lengthy and exhaustive opinion, citing germane authority in his findings of fact and conclusions of law, and a careful and thorough study convinces this Court that the decision of the district court in Smith v. Transit Casualty Company, 281 F.Supp. 661, as amended by order of November 22, 1968, is correct, and that the contentions asserted by both parties on appeal are without merit.

Affirmed.

---

3. Mrs. Smith claimed $2,250.00 and Mrs. Selz claimed $6,000.00 which each contended would have been the amount they would have received from the settlement negotiations which "blew up" prior to the state court trial.

4. Under Rule 60(a), Federal Rules of Civil Procedure, the district court corrected the error by adjudging "Mrs. Selz have judgment against Transit Casualty Company for $5.00".