**EMPLOYERS LIABILITY ASSURANCE CORPORATION, Ltd., Appellant,**

v.

**Saul MOSLEY, Appellee.**

**No. 384.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 8, 1970.

Alice Giessel, Talbert, Giessel, Barnett & Stone, Houston, for appellant.

Don Barnett, Jamail & Gano, Houston, for appellee.

TUNKS, Chief Justice.

In 1961, the appellee, Saul Mosley, was injured in an automobile collision. Joseph P. Keegans was the driver of one of the cars in that collision. At the time of the collision Keegans was insured under a public liability insurance policy issued by the appellant, Employers Liability Assurance Corporation, Ltd., hereafter sometimes called Employers. Mosley filed suit against Keegans in the District Court of Harris County for damages resulting from injuries sustained in that collision. In that suit Employers' attorney filed pleadings in Keegans' defense and defended when the case came to trial. That trial resulted in a judgment in Mosley's favor and against Keegans for damages in the

amount of $3,000.00. That judgment, dated April 14, 1966, became final and was not paid. Thereupon, Mosley filed suit against Employers, as Keegans' insurer, seeking to recover from Employers the amount of his judgment against Keegans. Employers' answer alleged that its policy of insurance obligated Keegans to cooperate with it in the preparation and presentation of the defense of the suit against him, that Keegans had failed to so cooperate in that he failed to appear for the taking of his deposition and failed to appear in court for the giving of evidence and that such failure to cooperate relieved it of liability to Mosley under the terms of the policy. Mosley moved for summary judgment and his motion was granted by the trial court. From the judgment rendered against it Employers has perfected appeal.

In preparation of his case for trial Mosley propounded interrogatories to Employers pursuant to Rule 168, Texas Rules of Civil Procedure, and took the oral deposition of Mr. Henry P. Giessel, the attorney who, as Employers' attorney, defended the suit by Mosley against Keegans. From those sources it was shown that Keegans, soon after the collision in question, gave a written statement to Employers' investigator. Sometime after that he disappeared. He could not be found for the purpose of taking his deposition or for appearance at the trial. Letters mailed to his last known address were returned. Inquiries to his former employers and neighbors produced no information as to his whereabouts. An investigation by the Retail Credit Association and letters to the Department of Public Safety were fruitless. The suit by Mosley against Keegans remained on the docket for over four years. During that time the defendant's attorney got agreements to pass the case at many of its settings because of his inability to find his client. He filed one motion for continuance which was granted. Finally, the plaintiff's attorney insisted upon a trial and the case was tried without the presence of the defendant, Keegans.

Mosley's motion for summary judgment recites:

"The pleadings, deposition and interrogatories on file show that there is no genuine issue as to any material fact and that the Plaintiff, the moving party, is entitled to judgment for full recovery upon his claim against said Defendant as a matter of law."

The motion was not supported by any affidavit and no other summary judgment evidence was presented than the defendant's answers to interrogatories and the deposition of Mr. Giessel. The defendant filed an answer to plaintiff's motion for summary judgment simply alleging that plaintiff's motion should be overruled because there was an issue of fact as to whether Keegans had failed to cooperate in the defense of the suit against him as required by the policy in question.

In its response to interrogatories Employers furnished a "speciman copy" of the insurance policy issued by it to Keegans. That copy did not include the declaration sheet of the policy, but it was recited that the limits of the liability were $5,000 for one person and $10,000 for one accident. Also on his oral deposition Mr. Giessel substantially confirmed the identification of the policy as had been done in the response to the interrogatories. The policy contained the following provision:

"The insured shall cooperate with the company and, upon the company's request, attend hearings and trials and assist in making settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceedings in connection with the subject matter of this insurance. * * "

Mosley argues that the summary judgment in his favor should be sustained because Employers could not rely on its own responses to interrogatories to raise a question of fact as to a breach of the cooperation clause in the policy. He cites as authority for this position the language

of Rule 168 to the effect that such answers "may be used only against the party answering the interrogatories." Also cited are General Plywood Corporation v. Collins, Tex.Civ.App., 414 S.W.2d 224, no writ hist., and Black v. Frank Paxton Lumber Co., Tex.Civ.App., 405 S.W.2d 412, n. r. e. Certainly in this case Employers' answers to the interrogatories could not be used by it as evidence because the affidavit under which those answers were filed did not meet the requirements of Rule 166–A, paragraph (e), T.R.C.P. The affidavit did not recite that it was made on the personal knowledge of the affiant. We therefore need not decide whether such answers could have been considered as summary judgment evidence in behalf of Employers if the affidavit had met the requirements of the rule.

■ However, Mosley, in support of his motion for summary judgment, invoked the Court's consideration not only of Employers' answers to interrogatories but also the deposition of Mr. Giessel. Substantially the same facts stated in answers to interrogatories were recited in that deposition. Admissible testimony in this deposition could, of course, be used by either party to the suit. Rules 208 and 211, T.R.C.P. It is true, as contended by the appellee, that some of the testimony given by Mr. Giessel in that deposition was hearsay and was inadmissible as proof of Employers' defense of non-cooperation. There is, however, sufficient admissible testimony by Mr. Giessel in his deposition to show that Keegans, despite efforts to procure his attendance, failed to appear for a deposition and for trial. A breach of the cooperation clause of an automobile liability insurance policy may relieve the insurer from liability under the policy. Universal Automobile Ins. Co. v. Culberson (Tex.Comm.App., opinion adopted), 126 Tex. 282, 86 S.W.2d 727, reh. overruled, 126 Tex. 282, 87 S.W.2d 475. The evidence here presented a question of fact upon the issue as to whether Keegans so materially breached his duty to cooperate as to relieve Employers of liability under its policy. 60 A.L.R.2d 1146–1175.

■ Appellee contends, as an alternative basis for support of the trial court's summary judgment, that the summary judgment evidence shows as a matter of law that Employers waived its defense of non-cooperation. This contention is made despite the fact that in the trial court Mosley did not plead such waiver which is required to be affirmatively pleaded under Rule 94, T.R.C.P. Where summary judgment evidence raises or establishes a defense or ground of recovery it will prevent the rendition of summary judgment against the one in whose favor such defense or ground of recovery is raised or established, even though such defense or ground of recovery is not pleaded. Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233. But where the summary judgment evidence establishes in behalf of the movant for summary judgment a defense or ground of recovery required to be specially pleaded, such will not support the rendition of summary judgment based upon that defense or ground of recovery unless it has been pleaded by the movant. DeBord v. Muller (Tex.Sup.Ct.), 446 S.W. 2d 299. Thus, even if the evidence established as a matter of law that Employers waived its defense of non-cooperation, it was error for the trial court to render summary judgment on that basis in favor of the movant.

The judgment of the trial court is reversed and remanded.