WEEKES, McCARTHY & CO. v. GALVESTON GAS COMPANY, GARNISHEE.

Decided December 21, 1899.

**1.  Garnishment—Decedent's Estate Not Liable to, When.**

Where a creditor of an heir sued out a writ of garnishment against a company in which the ancestor owned stock, and administration having afterwards been commenced on the estate of the ancestor, the administrator intervened and filed a plea in abatement, the court properly sustained the plea and dismissed the garnishment proceeding.

**2.  Same.**

The reasons which forbid the garnishment of executors and administrators apply just as forcibly in cases where the writ of garnishment is issued and served before the administration is begun.

APPEAL from the County Court of Galveston.   Tried below before Hon. MORGAN M. MANN.

*Maco & Clegg Stewart,* for appellants.

PLEASANTS, ASSOCIATE JUSTICE.—Appellants are judgment creditors of Thomas Pierce Nichols, and sued out writ of garnishment against appellee, who answered that Peter Gray Nichols, the ancestor of Thomas Pierce Nichols, owned at the time of his death forty-six shares of stock in the Galveston Gas Company, appellee herein.   After service of writ of garnishment, administration was opened on the estate of Peter Gray Nichols, and the administrator intervened in this cause and filed plea in abatement, which was sustained by the court and this suit dismissed.

Appellants call in question the correctness of this judgment by the following assignment of error, submitted by them as a proposition:   "The court erred in sustaining intervener's plea in abatement and dismissing the cause, because the interest of Thomas P. Nichols in the stock in the hands of the garnishee was reached by writ of garnishment sued out herein and made subject to plaintiff's debt, the rights of intervener not being affected thereby; such intervener having the right to control and dispose of such stocks under proper orders of court, and any balance left in the hands of intervener, after paying debts and expenses of adminis-

tration, going to the heirs at law of intervener's intestate, one of such heirs being Thomas P. Nichols, and the interest or funds thus going to Thomas P. Nichols being subject to plaintiff's lien."

In their brief and argument appellants do not contend that assets in the hands of an administrator are subject to garnishment, but insist that the rule is not applicable to this case, because the writ of garnishment was served before the appointment of an administrator. We can not agree to this proposition. The reason of the rule which prohibits the garnishment of money or property in costodia legis, as applied to executors and administrators, is thus stated in Shewell v. Keen, 2 Wharton, 339, and approved by our Supreme Court in Pace v. Smith, 57 Texas, 555: "An executor or administrator is, to a certain extent, an officer of the law, clothed with a trust to be performed under prescribed regulations. It would tend to distract and embarrass these officers if, in addition to the ordinary duties which the law imposes, of themselves often multiplied, arduous, and responsible, they were drawn into conflicts created by the interposition of creditors of legatees, and compelled to withhold payment of legacies without suit; to suspend indefinitely the settlement of estates; to attend perhaps to numerous rival attachments, and to be put to trouble and expense for the benefit of third persons in no way connected with the estate, nor with the duties of their trust."

We think these reasons apply just as forcibly in a case in which the garnishment was issued and served before the administration was commenced, as in one in which the writ was issued directly against the administrator. The only way suggested by appellants in which their lien could be established and preserved is under proper orders of the court directing the administrator as to the control and disposition of the stocks. This would certainly tend to distract and embarrass him in the discharge of the duties of his office and put him to trouble, and probably expense, for the benefit of appellants who are in no way connected with the estate nor within the scope of the duties of his trust. If the rule contended for by appellants should be established, we have no doubt that administrators in many instances would be greatly harassed and annoyed in attending to the claims of rival claimants of liens secured by proceedings of this kind, and the time and necessary expense in settling the estates of deceased persons be greatly increased.

We think the lower court properly dismissed the garnishment proceeding, and the judgment is affirmed.

*Affirmed.*