## DOWNS v. CASON. (No. 6927.)

(Court of Civil Appeals of Texas. San Antonio. April 4, 1923.)

1. **Garnishment** &#9758;61 — **Assets of estate in hands of temporary administrator not subject to garnishment until decree of distribution.**

Assets of an estate in the hands of a temporary administrator are not subject to garnishment, though, after entry of a final decree ordering a distribution of the estate, garnishment may lie, since a cause of action then exists in favor of the respective distributees against the administrator.

2. **Garnishment** &#9758;2—**Statute strictly construed, as to those claiming benefits.**

Garnishment being a special proceeding, the statute must be strictly construed against those claiming its benefits; the burden being upon them to show their right to recover.

3. **Garnishment** &#9758;162—**Garnishor of distributive share of estate has burden of proving decree of distribution entered.**

One garnisheeing the shares of respective distributees of an estate in the hands of an administrator have the burden of proving that a decree ordering distribution of the estate has been entered in the administration proceedings.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error from District Court, Johnson County; Irwin T. Ward, Judge.

Garnishment proceeding by L. C. Cason against E. D. Downs, temporary administrator of the estate of H. F. Bland, deceased. Judgment for the garnishor, and garnishee brings error. Judgment reversed, and the cause remanded.

F. E. Johnson, of Cleburne, for plaintiff in error.

B. Gayle Prestridge, of Alvarado, for defendant in error.

SMITH, J. Cason, defendant in error, obtained judgment in the court below against C. P. Batton and J. H. McKnight, and procured a writ of garnishment to be issued and served upon plaintiff in error Downs, in his representitive capacity as temporary administrator of the estate of H. F. Bland, deceased, alleging that he had reason to believe, and did believe, "the garnishee, E. D. Downs, temporary administrator of the estate of H. F. Bland, deceased, and in charge of contract between H. F. Bland and Nacogdoches county, Tex. He is indebted to C. P. Batton and J. H. McKnight for work done on the roads in Nacogdoches county as subcontractors under the H. F. Bland, general contractors. And that he has in his hands effects belonging to the said C. P. Batton and J. H. McKnight." Downs failed to answer the writ of garnishment, and the court rendered judgment against him as temporary administrator in the amount of the judgment held by the garnishor against Batton and McKnight, $1,533.70, and costs. Downs has applied to this court for writ of error, attacking the judgment rendered against him in the court below. No briefs have been filed by appellee, and the statement of the case appearing in error's brief will be regarded as correct.

[1] Plaintiff in error presents six propositions of law, but they are all embraced in the one general proposition that the assets of an estate in the hands of a temporary administrator thereof is not subject to garnishment, and that proposition must be sustained. 12 R. C. L. p. 814, § 45; Pace v. Smith, 57 Tex. 555; Weekes v. Gas. Co., 22 Tex. Civ. App. 245, 54 S. W. 620; Bank v. Shelton (Tex. Civ. App.) 182 S. W. 337. The reasons for this rule are succinctly stated in Shewell v. Keen, 2 Whart. (Pa.) 339, 30 Am. Dec. 266, and quoted with approval by our Supreme Court in Pace v. Smith, supra:

"An executor or administrator is, to a certain extent, an officer of the law, clothed with a trust to be performed under prescribed regulations. It would tend to distract and embarrass these officers if—in addition to the ordinary duties which the law imposes, of themselves often multiplied, arduous and responsible—they were drawn into conflicts created by the interposition of creditors of legatees, and compelled to withhold payment of legacies without suit; to suspend indefinitely the settlement of estates; to attend perhaps to numerous rival attachments; * * * and to be put to trouble and expense for the benefit of third persons, in no way connected with the estate, nor within the duties of their trust."

[2, 3] While the foregoing is the general rule, it is probably true that it does not hold good after entry of a decree ordering the distribution of the estate, as by such decree each share is finally and definitely ascertained, and a cause of action exists therefor in favor of the respective distributees against the administrator. R. C. L. p. 814; Bank v. Shelton, supra. But garnishment being a special proceeding, the statute must be strictly construed against those claiming its benefits, upon whom rests the burden of affirmatively showing their right to recover. This being true, it devolved upon the garnishor here to show that at the time the writ was issued and served upon the administrator the administration had proceeded so far that the amount, if any, owing to the judgment debtor had been definitely ascertained and its payment decreed. But no such showing, was made. The contrary could easily be inferred from the application for the writ.

The judgment is reversed, and the cause remanded.