**Marilyn K. DeMELLO, Appellant,**

v.

**NBC BANK-PERRIN BEITEL, Appellee.**

No. 04-87-00545-CV.

Court of Appeals of Texas, San Antonio.

Dec. 30, 1988.

John M. Killian, Ben A. Culpepper, John M. Killian and Associates, San Antonio, for appellant.

Carl H. Pfeiffer, P. Keith O'Gorman, John F. Carroll, Burns & O'Gorman, Hugh L. McWilliams, San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL*, JJ.

---

* Associate Justice Preston H. Dial, Jr., not participating.

## OPINION

CANTU, Justice.

This is an appeal from a garnishment proceeding. Appellant, Marilyn (Rohde) DeMello, and the garnishment defendant, Alfred W. Rohde, were granted a divorce in February 1987. In that divorce decree, the trial court awarded appellant's attorney, Oscar C. Gonzalez, attorney's fees of $25,000.00 to be paid by Mr. Rohde. Attorney Gonzalez then filed this garnishment action against Rohde to collect his fees. Gonzalez claimed that the garnishee, First American Title Company of San Antonio, held $20,231.28 belonging to Rohde and sought to garnish these funds. The garnishee answered and deposited the funds into the registry of the court.

Appellee, NBC Bank–Perrin Beitel, intervened in the garnishment action brought by Gonzalez, alleging a superior claim to the funds. Appellant subsequently intervened, claiming she held the superior right to the funds. Prior to the rendition of judgment, but after testimony had been presented to the trial court, Gonzalez dismissed his garnishment cause of action. The trial court entered judgment in favor of NBC Bank–Perrin Beitel upholding its claim. DeMello brings this appeal. The defendant, Alfred W. Rohde, did not appeal the judgment.

In her first point of error, appellant contends that the trial court erred in granting judgment in favor of NBC Bank–Perrin Beitel because she allegedly has a legally superior right to the funds. Appellant contends that she had a contractual right to these funds, and further that the funds are her separate property and thus not liable for her spouse's debts. Finally, she argues, alternatively, that the funds are community property and, therefore, she is entitled to at least one-half of the money. The appeal is before us without benefit of findings of fact and conclusions of law.

■ Pursuant to TEX.R.CIV.P. 296, appellant must have requested the trial court to make and file its findings of fact and conclusions of law within ten days of the signing of the judgment. The judgment was signed June 26, 1987, normally making the request due July 7, 1987. However, appellant was not notified until July 30, 1987, that judgment had been signed. Thus, her request for findings of fact and conclusions of law were due to be filed by August 10, 1987. Appellant did not file her request until over a month beyond the deadline: September 16, 1987. Since the request was not timely filed, the trial court was under no duty to prepare and file findings and conclusions. None are found in the transcript. Furthermore, appellant failed to file a reminder to file findings of fact and conclusions of law as required by TEX.R.CIV.P. 297. In the absence of findings of fact and conclusions of law, we must presume that the trial court found all questions of fact in support of the judgment. *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1977). Under these circumstances, we must affirm the trial court's judgment if it can be upheld on any legal theory finding support in the evidence. *Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 278 (Tex.1987); *Lassiter v. Bliss,* 559 S.W.2d at 358.

■ Garnishment is a statutory proceeding through which a debtor's property, money, or credit, in the possession of or owing by another, are applied to pay the debtor's debt to a third party. *Beggs v. Fite,* 130 Tex. 46, 106 S.W.2d 1039, 1042 (1937). The burden is on the person claiming the benefit of the statute to establish his right to recover. *Downs v. Cason,* 250 S.W. 471, 472 (Tex.Civ.App.—San Antonio 1923, no writ). The judgment against the garnishee should be in the amount of the indebtedness shown at trial to have been absolutely owed in an amount certain at the time the garnishee is served. *United States v. Wakefield,* 572 S.W.2d 569, 571 (Tex.Civ.App.—Fort Worth 1978, writ dism'd); *Burkitt v. Glenney,* 371 S.W.2d 412, 414 (Tex.Civ.App.—Houston 1963, writ ref'd n.r.e.). The only real issue in a garnishment action is whether the garnishee was indebted to the defendant in the main suit or had in its possession effects belonging to him at the time of the service of the writ and the filing of the answer. *Chandler v. Cashway Building Materials, Inc.,*

584 S.W.2d 950, 953 (Tex.Civ.App.—El Paso 1979, no writ).

■ Appellant offered PX–1 as evidence of her right to the funds. This exhibit is a letter written and signed by Chris Malavansos, Individually and as president of Chris Malavansos Custom Homes, Inc., and A.W. Rohde, III, Individually, and is addressed to Mr. John Paul Rogers at the First American Title Company. The letter reads:

October 8, 1986

Mr. John Paul Rogers
First American Title Company
1919 N.W. Loop 410
San Antonio, Texas 78213
RE: Dominion House Closing
Dear Jack:

You are instructed at closing of our property in the Dominion to pay to Marilyn Rohde [DeMello] the sum of $20,000 of the sales proceeds upon funding. Please feel free to give any information requested to Mrs. Rohde's [DeMello's] attorney, Oscar Gonzales. Please acknowledge your acceptance of these instructions by signing below.

Sincerely yours,
CHRIS MALAVANSOS CUSTOM HOMES, INC.
BY: /s/_____
Chris Malavansos, President
/s/_____
Chris Malavansos, Individually
/s/_____
A.W. Rohde, III, Individually

First American Title Company will follow the above escrow instructions and will pay out of the proceeds of sale the sum of $20,000 to Marilyn Rohde [DeMello] at funding.

FIRST AMERICAN TITLE COMPANY
BY: /s/ Carl Pfeiffer

Appellant claims this letter memorializes a contractual arrangement between herself and her then-husband whereby she consented to the sale of their home in Olmos Park and moved into the speculation house at the Dominion and cleaned and remodeled it. Thus, she claims, this contract is supported by adequate consideration. The parties testified at trial that the letter arose out of a proposed property settlement agreement between Rohde and DeMello prior to the final divorce proceeding. Rohde claims that DeMello never complied with their agreement. DeMello contends that she never agreed to it.

First, we point out that the letter to Rogers at First American Title Company does not constitute evidence of a contract. It is but a request by one of the parties to the purported contract to a third party to pay DeMello $20,000 at closing *out of proceeds* of the sale of the house upon funding. There is no promise from Rohde to DeMello embodied in or evidenced by the letter. The instrument does not contain terms of the purported agreement. The only promise is a gratuitous one made by Carl Pfeiffer at the title company to pay DeMello from the proceeds upon funding. There is no evidence that any proceeds from the sale of the house ever became available or came into existence. The letter evidences only instructions from one party to a non-party to perform a certain act.

No one testified how much the house sold for. In her appellate brief, appellant states that NBC Bank–Perrin Beitel released the deed of trust. No copy of a release was produced. Mr. Rohde testified that he still owed $104,000.00 on that note under his signed personal guaranty. Under the evidence adduced the trial court was clearly authorized to conclude that there was no contract requiring Rohde to pay DeMello the $20,000.00. Nothing in the record requires the court to conclude that there were proceeds available from the sale.

■ Appellant further contends that this letter "agreement" clearly evidences a division of property between the spouses and is, therefore, her separate property. There is nothing in the letter and no testimony was produced to support appellant's claim that the funds were her separate property as the result of a division of community property.

■ NBC Bank–Perrin Beitel introduced the signed real estate lien note, deed of trust, and personal guaranty of Rohde. Rohde admitted that $104,000.00 was still owed under the lien note. There was evidence for the trial court to conclude that NBC Bank–Perrin Beitel was owed the debt by Rohde and thus possessed a superior legal right to the funds.

Appellant next contends that there was no evidence to support the award to NBC Bank–Perrin Beitel. She contends that no representative from NBC Bank–Perrin Beitel testified regarding the amount due under the note. She further argues that the deed of trust was released by NBC Bank–Perrin Beitel, thereby releasing any claim to the funds by NBC Bank–Perrin Beitel.

Rohde, the guarantor on the note, testified without contradiction, that he still owed $104,000.00 on the note. Such testimony is sufficient for the trial court to find the existence of a claim by NBC Bank–Perrin Beitel. Neither party introduced a copy of any release of the deed of trust nor is there any testimony to support a finding that NBC Bank–Perrin Beitel released its deed of trust.

■ When considering a no evidence point of error, we consider only the evidence and the reasonable inferences that can be drawn therefrom, in their most favorable light, to support the finding. We likewise disregard all other inferences. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). We hold that there was more than a scintilla of evidence to support the trial court's finding that NBC Bank–Perrin Beitel had a claim to the funds.

■ Appellant claims that NBC Bank–Perrin Beitel failed to properly assert a pre-judgment garnishment cause of action. Any complaint concerning the sufficiency of pleadings for garnishment belong strictly to the defendant and is not allowed to creditors intervening in the garnishment. *Megargel Drilling Co. v. City National Bank in Wichita Falls*, 352 S.W.2d 796, 798 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n.r.e.); *Reinertsen v. E.W. Bennett & Sons*, 185 S.W. 1027, 1029 (Tex.Civ.App.— El Paso 1916, writ ref'd).

Appellant simply failed to establish that her claim is superior to NBC Bank–Perrin Beitel's claim. The evidence before us clearly supports the trial court's judgment.

We find no trial court error and the judgment of the trial court is therefore affirmed.