**INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.**

No. 3–89–108–CV.

Court of Appeals of Texas, Austin.

May 23, 1990.

State is a beneficiary of any trust funds paid or received in connection with the improvement.

Karen B. Norris, San Antonio, for appellant.

Thomas I. Davies, Austin, for appellee.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

CARROLL, Justice.

This appeal arises out of a telephone cable cutting incident and involves questions of an insured's failure to cooperate with his carrier, strict liability, and the suitability of garnishment as a remedy under the facts of this case. Both Insurance Company of North America ("INA") and Southwestern Bell Telephone Company ("Bell") moved for summary judgment, and the district court granted Bell's motion. We will reverse the trial court's summary judgment and remand the cause for trial on the merits.[1]

## FACTUAL BACKGROUND

Employees of Mike Birmingham's company, MJB Construction, allegedly damaged Bell's underground telephone cable. The only summary judgment proof indicating Birmingham's liability is an affidavit that states that on September 5, 1984, Birmingham admitted to James Griffin, a Bell cable repair manager, that his construction employees that day "had caused the damage" to Bell's underground cable located near 2115 South Lamar Boulevard in Austin. Bell sued Birmingham for damages to the cable, and INA, his carrier, provided his defense as required under his policy. Sometime later, Birmingham disappeared; INA was unable to go forward with his defense; his pleadings were stricken for failure to answer discovery requests; and Bell obtained a default judgment against Birmingham for almost $70,000.

---

1. The rules for appellate review of a trial court's grant of summary judgment are well known. We first determine whether a disputed material fact issue exists. We accept as true the non-movant's version of the facts shown by the record and the admissible summary judgment proof. Every reasonable inference is indulged in favor of the non-movant and any doubt resolved in his favor. The movant has the burden of showing that there is no genuine issue of material fact on any essential element of the non-movant's case and that he is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546 (Tex. 1985); *Bayouth v. Lion Oil Co.,* 671 S.W.2d 867 (Tex.1984); *see generally* Hittner, *Summary Judgments in Texas,* 22 Hous.L.Rev. 1109 (1985).

■ Bell then filed this garnishment action against INA. According to Bell, it held a debt (the unsatisfied default judgment) owed by Birmingham, and INA was "indebted to Debtor [Birmingham] ... because the Policy ... obligated [INA] to pay on behalf of Debtor all sums that the Debtor is ... obligated to pay ... because of property damage." Alternatively, Bell claimed the proceeds of the policy as an intended beneficiary under the policy.[2]

INA responded that Birmingham's failure to cooperate in the defense of the underlying suit was a material and substantial violation of an express provision of his policy and excused INA from any liability to him, so that the garnishment action failed as a matter of law.

With respect to the insurance policy issued to Birmingham, there is no dispute that the policy was in full force and effect at the time of the loss; that Birmingham failed to cooperate with INA as required under the policy; that default judgment was rendered in favor of Bell against Birmingham; and that INA refused to pay Birmingham for the judgment liability incurred. Thus, the crucial issue presented in this garnishment appeal is whether INA, as a matter of law, is indebted to Birmingham despite Birmingham's non-cooperation. *See DeMello v. NBC Bank–Perrin Beitel,* 762 S.W.2d 379, 381 (Tex.App.1988, no writ).

## CONTENTIONS ON APPEAL

INA relies primarily on Birmingham's failure to cooperate in the defense of the underlying suit to excuse its liability under the policy and argues that Bell failed to establish that INA was indebted to Birmingham—a necessary element of Bell's garnishment cause of action. In response, Bell contends: "A party who damages an underground conduit has no way out of liability regardless of how careful he may have been." According to Bell, Birmingham's failure to cooperate could not preju-

dice INA as a matter of law because cable cutting cases result in strict liability.

## DISCUSSION AND HOLDINGS

This appeal turns on whether Birmingham is strictly liable as a matter of law for the cable damage. (If we determine that Birmingham is not strictly liable as a matter of law, we must then determine as a matter of law whether his non-cooperation was not a material and substantial breach or was not prejudicial to INA.) While we agree that cable cutting cases generally turn on the rule of strict liability, we believe there is an exception to this rule, and its presence in this appeal precludes summary judgment.

### The Rule Of Strict Liability

■ In *Mountain States Telephone & Telegraph Co. v. Vowell Construction Co.,* 161 Tex. 432, 341 S.W.2d 148 (1960), the Texas Supreme Court held that when a cable is lawfully in place under the ground and the act leading to the cable damage is intentional and deliberate, then the telephone company's property rights are violated, giving rise to a cause of action without regard to negligence. *Id.* 341 S.W.2d at 150. Accordingly, when an extraordinary use is made of the surface, one who excavates or drills has a strict duty to avoid damaging utility lines lawfully in place.

### The Duty Of The Utility Line Operator

In 1963, the Texas Supreme Court reviewed the *Mountain States* rule, and announced:

> the initial burden is upon the one who excavates or digs up the surface to avoid striking the line or to make reasonable inquiry as to the location of any lines.... The duty of the [utility] line operator ... arises ... *when it is asked for information ....*

as to whether INA is indebted to Birmingham as a matter of law will control the outcome of this appeal with respect to both the garnishment theory of recovery and the third party beneficiary theory of recovery.

---

**2.** Under Texas law, a liability policy can benefit judgment creditors only to the extent that the policy affords protection to the insured. *Klein v. Century Lloyds,* 154 Tex. 160, 275 S.W.2d 95, 96 (1955). Therefore, the resolution of the issue

*Pioneer Natural Gas Co. v. K & M Paving Co.,* 374 S.W.2d 214, 219 (Tex.1963) (emphasis added).

The *Mountain States* opinion itself seems to limit the strict liability tort recognized in that case to a situation in which the utility company has no notice of the danger to its lines. In *Mountain States,* Justice Norvell noted:

> The owner of conduit lines lawfully in a street or alley can hardly be expected to know that their existing location is unsatisfactory in view of contemplated street surfacing or other improvements *unless notified to that effect.*

341 S.W.2d at 151 (emphasis added).

■ "Logic and policy both dictate that the notice which raises the owner's duty to take protective action should also terminate the [party's] strict duty to avoid striking the line...." *General Telephone Co. v. Bi–Co Pavers, Inc.,* 514 S.W.2d 168, 172 (Tex.Civ.App.1974, no writ). Thus, if the party "has a strict duty to avoid striking a public utility line in the street, that duty continues *only until the owner has had notice that protective action is required."* *Id.* at 173 (emphasis added). The "protective action" referred to in *General Telephone* may mean different things in different factual situations. Under the facts of this appeal, Bell owed an obligation to Birmingham to provide accurate information as to the existence and location of its telephone lines in response to his request.

■ Here, the summary judgment proof indicates that on June 21, 1984, Birmingham requested that all utility lines located at 2115 South Lamar Boulevard be located and marked for a street cut to be done in late June through early July. Bell's original petition in cause number 391,207 attached to its motion for summary judgment admits that Bell was duly notified of this request through the Austin Area Utility Coordinating Council ("One Call"), that Korban Construction Company, Bell's contractual agent, advised One Call the next day that Bell only had *aerial* cable in the area of 2115 South Lamar Boulevard. The petition further states, "[t]his was incorrect, as plaintiff [Bell] also had

underground conduit in the area." These facts alleged in Bell's original petition are judicial admissions and must be considered on appeal of a summary judgment. *See Finklea v. Jacksonville Daily Progress,* 742 S.W.2d 512, 514 (Tex.App.1987, no writ).

As previously noted, every reasonable inference must be indulged in favor of INA, the non-movant, and any doubts resolved in its favor. *Nixon,* 690 S.W.2d at 549. Therefore, because Bell was notified of the need to take protective action at 2115 South Lamar Boulevard, Birmingham's strict duty to avoid striking utility lines at 2115 South Lamar Boulevard ceased when Bell's agent, Korban, not only failed to reasonably act upon that notice, but affirmatively stated that there was only aerial cable. *See Pioneer,* 374 S.W.2d at 219; *General Telephone,* 514 S.W.2d at 173.

■ Because we cannot say, as a matter of law, that Birmingham is strictly liable to Bell, we must now address the impact of Birmingham's cooperation-clause breach upon INA's obligation under the policy. According to INA, Bell is not entitled to summary judgment if the summary judgment proof fails to conclusively show that Birmingham's breach was not "material and substantial." *See Universal Automobile Ins. Co. v. Culberson,* 126 Tex. 282, 86 S.W.2d 727, 731, *on motion for rehearing,* 126 Tex. 282, 87 S.W.2d 475 (1935) (motion for rehearing overruled); *Century Lloyds v. Barnett,* 259 S.W.2d 768, 771 (Tex.Civ. App.1953, writ ref'd). On the other hand, Bell argues that the correct analysis involves a determination as to whether INA was "prejudiced" by the breach. *See McGuire v. Commercial Union Insurance Co. of N.Y.,* 431 S.W.2d 347, 353 (Tex.1968); *Oil Insurance Ass'n v. Royal Indemnity Co.,* 519 S.W.2d 148, 151 (Tex.Civ.App.1975, writ ref'd. n.r.e.).

Under either framework, Bell failed to meet its summary judgment burden. Birmingham's pleadings were stricken and default judgment was rendered in cause number 391,207 because he failed to cooperate and participate in the discovery process. The striking of Birmingham's answer and

the rendition of a default judgment deprived INA of an opportunity to present a defense with respect to Birmingham's liability. In addition, Birmingham's disappearance soon after the incident denied INA the opportunity to directly challenge James Griffin's account of Birmingham's "admission." We therefore cannot say, as a matter of law, either that Birmingham's breach was not material and substantial or that INA was not prejudiced by the breach. Thus, Bell has failed to conclusively establish that INA is indebted to Birmingham—a necessary element of Bell's garnishment cause of action. *See MMP Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *DeMello*, 762 S.W.2d at 381. Accordingly, we sustain INA's first point of error.

### INA'S MOTION FOR SUMMARY JUDGMENT

In its second point of error, INA asserts that the district court erred in failing to grant INA's motion for summary judgment. INA must show that at least one element of Bell's cause of action has been established conclusively against Bell. *Gray v. Bertrand*, 723 S.W.2d 957, 958 (Tex.1987). Summary judgment is proper only if, as a matter of law, Bell could not succeed upon any theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex. 1983).

The summary judgment record fails to establish conclusively that Birmingham was not strictly liable. On this issue, INA has the burden of showing that there is no genuine issue of material fact. *Nixon*, 690 S.W.2d at 548. INA offered no summary judgment evidence with respect to the cable incident itself, while Bell submitted Griffin's affidavit containing Birmingham's admission.

From the summary judgment record, we reasonably could infer that Birmingham's employees did in fact "intentionally" and "deliberately" cut or bore into the street—damaging the cable. *Mountain States*, 341 S.W.2d at 150. Thus, Birmingham may be strictly liable. *See id.* We therefore cannot conclude, as a matter of law, that Birmingham's policy breach was either sub-

stantial and material, or prejudicial to INA. *See McGuire*, 431 S.W.2d at 353; *Culberson*, 86 S.W.2d at 731; *Barnett*, 259 S.W.2d at 771. In other words, INA has failed to conclusively establish that Birmingham's breach is even relevant to the determination as to whether INA is indebted to Birmingham under the policy. Accordingly, we overrule INA's second point of error.

We reverse the judgment of the district court and remand the cause for further proceedings.