Blue Crest v. SW Bell 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-455-CV





BLUE CREST POOLS & SPAS, INC.,



 APPELLANT


vs.





SOUTHWESTERN BELL YELLOW PAGES, INC.,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT



NO. 122,283-B, HONORABLE RICK MORRIS, JUDGE



 




PER CURIAM


 This appeal arises from a dispute over a contract to print advertising in a telephone
directory. Appellant, Blue Crest Pools & Spas, Inc., contracted with appellee, Southwestern Bell
Yellow Pages, Inc., in November 1987 to print appellant's ad in appellee's 1988 directory. When
its ad failed to appear in the directory, appellant sued appellee for breach of contract and
violations of the Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code
Ann. §§ 17.41-.63 (1987 & Supp. 1992) (DTPA). 

 Appellee moved for summary judgment on both causes of action. As to the
contract cause of action, appellee argued that appellant's claim was limited to its cost of
advertising. As to the DTPA cause of action, appellee argued that appellant had alleged nothing
more than breach of contract. Appellant responded to the motion for summary judgment, arguing
that the contract was void as against public policy and that appellee's misrepresentations were both
unconscionable and deceptive. The trial court rendered summary judgment for appellee on the
contract, holding that the contract limited appellee's liability to the amount paid and that appellant
had paid nothing for the advertising. The court also rendered summary judgment for appellee
under the DTPA; it denied appellee summary judgment on the issue of lost profits.

 Appellee, the movant for summary judgment, had to disprove as a matter of law
one of the essential elements of each of appellant's causes of action. Citizens First Nat'l Bank v.
Cinco Exploration Co., 540 S.W.2d 292, 294 (Tex. 1976). In reviewing a summary judgment,
we take as true all evidence favoring the non-movant and indulge every reasonable inference and
resolve every doubt in its favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 In point of error one, appellant argues that because it alleged more than a breach
of contract, summary judgment on its DTPA cause of action was improper. Appellee moved for
summary judgment on the DTPA cause on the ground that appellant alleged no more than
appellee's failure to perform the contract. It is true that the DTPA does not encompass the failure
to perform a promise. La Sara Grain Co. v. First Nat'l Bank, 673 S.W.2d 558, 565 (Tex. 1984);
Ashford Dev., Inc. v. USLife Real Estate Serv. Corp., 661 S.W.2d 933, 935 (Tex. 1983);
Coleman v. Hughes Blanton, Inc., 599 S.W.2d 643, 646 (Tex. Civ. App. 1980, no writ). For
example, a telephone directory publisher's simple failure to print an ad as required by its contract
with an advertiser raises no cause of action under the DTPA. See Helms v. Southwestern Bell Tel.
Co., 794 F.2d 188 (5th Cir. 1986); Farina v. Southwestern Bell Media Inc., 658 F. Supp. 826
(S.D. Tex. 1987). 

 In response to appellee's summary-judgment motion, appellant alleged that when
the contract was made, appellee required a security deposit because of past credit problems, but
that appellee later waived this requirement. Appellant's president stated in an affidavit that after
the contract was made, a representative of appellee assured him that appellee would not require
the deposit and that the ad would appear as contracted. In January 1988, appellee wrote appellant
a letter cancelling the ad because appellant had "failed to satisfy [its] responsibility involving [its]
debt with [appellee]." 

 In its reply to appellant's response, appellee stated that the contract entitled it to
demand advance payment, but admitted that the evidence whether an advance payment was
required or received for the 1988 directory conflicted. Although appellee would restrict
appellant's claim to one that appellee promised to print its ad in the 1988 directory but did not,
appellant alleges more than appellee's breach of contract. It alleges that appellee made a further
promise to print the ad without requiring a deposit from appellant. If we accept appellant's
version of the facts and indulge every inference in its favor, appellee represented that it would
waive a condition of its performance under the contract, which it later did not waive.

 To state a cause of action, a plaintiff must allege facts sufficient to invoke a rule
of substantive law that vests in it a right and imposes on the defendant a corresponding duty that
it has breached. Bernard Johnson, Inc. v. Continental Constructors, Inc., 630 S.W.2d 365, 367
(Tex. App. 1982, writ ref'd n.r.e.); see 2 Roy W. McDonald, Texas Civil Practice in District and
County Courts § 6.12 (Frank W. Elliott ed., rev. ed. 1982). A "deceptive trade practice"
prohibited by the DTPA is any type of business activity that deceives consumers. DTPA, § 17.46
(1987); Spradling v. Williams, 553 S.W.2d 143, 145 (Tex. Civ. App. 1977), aff'd, 566 S.W.2d
561 (Tex. 1978); Southwest Lincoln-Mercury, Inc. v. Ross, 580 S.W.2d 2, 5 (Tex. Civ. App.
1979, no writ). Facts similar to those appellant alleges have been held sufficient to support a
cause of action under the DTPA. E.g., Best v. Ryan Auto Group, Inc., 786 S.W.2d 670 (Tex.
1990) (seller's misrepresentation of buyer's ability under their contract to purchase inventory from
manufacturer was some evidence of DTPA violation); Leal v. Furniture Barn, Inc., 571 S.W.2d
864 (Tex. 1978) (seller's misrepresentation of buyers' rights under contract was a false and
misleading statement in violation of DTPA); Dixon v. Brooks, 604 S.W.2d 330 (Tex. Civ. App.
1980, writ ref'd n.r.e.) (seller's misrepresentation that she had the right to terminate parties'
contract without statutorily required notice violated DTPA as a matter of law).

 Appellant's allegations that appellee represented that it would not require appellant
to satisfy the condition of an advance deposit state more than a cause of action for breach of
contract. A trier of fact should decide whether appellee made an untrue statement and, if so,
whether the statement violated the DTPA. We sustain point of error one.

 In point of error two, appellant contends that the evidence is insufficient to support
summary judgment on its contract cause of action. Appellant argues that appellee failed to include
a copy of the parties' contract in its summary-judgment proof. Appellant, however, attached a
copy of the contract as an exhibit to its first amended original petition. Facts alleged in a party's
pleadings are formal judicial admissions and can be considered on appeal of a summary judgment. 
Houston First Am. Savings v. Musick, 650 S.W.2d 764, 767 (Tex. 1983); Insurance Co. of N.
Am. v. Southwestern Bell Tel. Co., 790 S.W.2d 812, 815 (Tex. App. 1990, no writ). By
incorporating the contract into its petition, appellant made the contents of the contract part of the
petition's fact allegations that, as admissions, can be sufficient proof to support summary
judgment. Finklea v. Jacksonville Daily Progress, 742 S.W.2d 512, 514 (Tex. App. 1987, writ
dism'd w.o.j.); see Bailey v. Gulfway Nat'l Bank, 626 S.W.2d 70, 73 (Tex. App. 1981, writ ref'd
n.r.e.) (admissions included copy of promissory note attached to deposition). We overrule point
two. 

 Appellee brings one cross-point in which it contests the trial court's denial of
summary judgment on appellant's claim for lost-profits damages. By denying summary judgment
on the issue of lost profits, the court inferentially found that one or more material fact issues exist. 
Turner v. County of Marion, 549 S.W.2d 254 (Tex. Civ. App. 1977, writ dism'd); Hays v.
Sullins, 442 S.W.2d 494, 496 (Tex. Civ. App. 1969, writ dism'd by agr.). Lost profits, being
a measure of damages, is not a cause of action but one element of a cause. As an element of the
contract cause of action, our affirmance of the summary judgment against appellant precludes a
trial of lost-profits damages for breach of contract. In general, issues of liability and unliquidated
damages are indivisible and cannot be severed. See Tex. R. App. P. Ann. 81(b)(1) (Pamph.
1992); Eddings v. Black, 602 S.W.2d 353, 359 (Tex. Civ. App. 1980), writ ref'd n.r.e., 615
S.W.2d 168 (Tex. 1981). Our remand for trial of the liability issues under the DTPA therefore
carries the lost-profits damages issue with it. Accordingly, we do not address appellee's cross-point. 

 We affirm the trial court's grant of summary judgment on the contract cause of
action. We reverse the grant of summary judgment on the DTPA cause of action and remand that
portion of the cause for trial on the merits.


[Before Justices Powers, Jones and Kidd]

Affirmed in Part; Reversed and Remanded in Part

Filed: August 26, 1992

[Do Not Publish]