Jesus O. Reyna v.State















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-340-CR

Â Â Â Â Â JESUS O. REYNA,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 278th District Court
Madison County, Texas
Trial Court # 10,025
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â A jury convicted Jesus Reyna of aggravated assault and possession of a deadly weapon in a
penal institution, and sentenced him to seven years in the Department of Criminal Justice. See
Tex. Pen. Code Ann. Â§Â§ 22.02, 46.10 (Vernon Supp. 1999). Reyna appeals on grounds that he
was denied effective assistance of counsel at various stages in the trial. Because we find that
Reyna failed to preserve this issue for review, we will affirm.
Â Â Â Â Â Â At the time of the assault, Reyna was an inmate in the Ferguson Unit of the Department of
Criminal Justice at Midway, Texas. On April 23, 1996 during the prisonâs daily recreation
period, a fight broke out between a group of Mexican Nationals and a group of Hispanics from
Dallas and Houston. Jim Boyd, a correctional officer assigned to the recreation area, testified that
he observed Reyna stab the victim, Mark Rocha. Boyd further testified that the inmates were
ordered to lay down their weapons, and he observed Reyna lay a weapon on the ground. After
the inmates were subdued, Boyd went to the spot where Reyna surrendered the weapon and
recovered a six and one half inch piece of metal that was sharpened on one end and that had a
piece of sheet wrapped around the other end.
Â Â Â Â Â Â Reyna contends that his trial counsel committed several errors that cumulatively denied his
right to effective assistance of counsel. He alleges his defense was inadequate in that counsel (1)
failed to develop a viable self-defense or necessity defense argument, (2) failed to object to
questions by the prosecutor regarding extraneous acts of misconduct committed by Reyna during
his confinement, and (3) failed to object to the prosecutorâs comment on Reynaâs refusal to give
a statement.
Â Â Â Â Â Â Before a litigant may present a complaint for appellate review, Rule 33.1 of the Rules of
Appellate procedure provides that the record must show (1) the complaint was made to the trial
court by a timely request, objection or motion, and (2) the trial court ruled on the request,
objection or motion or expressly refused to rule and the complaining party objected to such
refusal. Tex. R. App. P. 33.1(a). The record does not indicate that Reynaâs complaint of
ineffective assistance of counsel was ever presented to the trial court. See Gonzales v. State, 994
S.W.2d 369, 372-73 (Tex. App.âWaco 1999, no pet.). Thus, nothing is presented for our review.
Â Â Â Â Â Â The judgment of the trial court is affirmed.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Â 
Before Justice Vance,
Â Â Â Â Â Â Justice Gray, and
Â Â Â Â Â Â Chief Justice McDonald (Retired) 
Â Â Â Â Â Â (Chief Justice McDonald not participating)
Opinion delivered and filed October 27, 1999
Affirmed
Do not publish
Â 



the evidence is
factually insufficient.  A court of appeals should detail in its opinion why it
has concluded that a reasonable factfinder could not have credited disputed
evidence in favor of the finding.

Â 

Id. at
266-67 (footnotes and citations omitted).Â  We view the evidence in a neutral
light when reviewing for factual sufficiency.

Â Â Â Â Â Â Â Â Â Â Â  Only
one predicate act under section 161.001(1) is necessary to support a judgment
of termination when there is also a finding that termination is in the child's
best interest.Â  In re A.V., 113 S.W.3d 355, 362 (Tex. 2003).








Grounds for TerminationÂ Â Â Â  

The petition for termination alleged and the court
found that J.W. knowingly placed or knowingly allowed H.W. to remain in
conditions or surroundings that endangered her physical or emotional well-being
and that he engaged in conduct or knowingly placed H.W. with persons who
engaged in conduct that endangered her physical or emotional well-being.Â  Tex. Fam. Code Ann. Â§ 161.001(1)(D) (Vernon Supp. 2007).

Section 161.001(1)(D) of the Texas Family Code
states that the court may order termination of the parent-child relationship if
the court finds by clear and convincing evidence that the parent has knowingly
placed or knowingly allowed the child to remain in conditions or surroundings
which endanger the physical or emotional well-being of the child.Â  Id. Â§ 161.001(1)(D). Â ÂEndangerÂ means to expose to loss or injury or to
jeopardize.Â  Texas DepÂt of Human Servs. v. Boyd, 727 S.W.2d 531,
533 (Tex. 1987).Â  However, it is not necessary that the child actually suffer
injury.Â  Id.Â  Although this provision addresses the childÂs surroundings
rather than the parentÂs conduct, conduct by a parent or other resident of a
childÂs home can produce an environment that endangers the physical or
emotional well-being of a child.Â  In re C.L.C., 119 S.W.3d 382, 392 (Tex. App.ÂTyler 2003, no pet.).

Ninfa Torres, a Department supervisor, testified
that she became involved with H.W.Âs case when the Department received allegations
of neglectful supervision and drug use.Â  The Department sought emergency
removal of H.W., who had a history of being in foster care, when a domestic
violence incident over drugs occurred at J.W.Âs home.Â  During that incident,
J.W. got high on cocaine and chased his wife (H.W.Âs stepmother) around with a
stick.

When J.W. was interviewed about the allegations,
he tested positive for cocaine and admitted that he frequently left H.W. with
his wife, who used methamphetamines and had issues with depression.Â  Torres
testified that this was particularly dangerous because H.W. was also diagnosed
with clinical depression and self-harm behavior, which causes her to pull out
her hair and pick at the skin on her stomach and arms.Â  She also testified that
H.W. has a heart condition, due to her dependency on cocaine at birth, and that
J.W. was not seeking appropriate medical attention for her.Â  Torres reported
that on visitation to H.W.Âs home, which did not have electricity, H.W.Âs
appearance was dirty, her hair was unkempt, and the home did not have a place
for her to sleep.

Dianne Ames, H.W.Âs caseworker, outlined the family
service plan created for J.W. to regain custody of H.W.Â  For a year, the
Department asked J.W. to demonstrate an ability to maintain a drug-free lifestyle,
which included finding drug-free housing and taking random drug tests.Â  J.W.
was also asked to provide payment stubs indicating steady employment, utility
receipts, and an updated address within 72 hours of any relocation.Â  Finally,
he was asked to participate in individual counseling, anger management, parenting
skills classes, and to refrain from criminal behavior.Â  Ames testified that at
the time of trial, J.W. had not provided the Department with proof of
completion of any of the DepartmentÂs requests.Â  Ames tried to get in contact
with J.W. by telephone and with letters on numerous occasions, but he never
responded.Â  She also testified that of the eight court proceedings involving
J.W.Âs parental rights, he had only attended two.Â  J.W. did not attend trial,
and his counsel did not present any evidence contradicting the DepartmentÂs
evidence.

Â Â Â Â Â Â Â Â Â Â Â  Using the appropriate standards of
review for legal and factual sufficiency, we conclude that "the evidence
is such that a factfinder could reasonably form a firm belief or
conviction" that J.W. knowingly placed or knowingly allowed H.W. to remain
in conditions or surroundings that endangered her physical or emotional
well-being and that J.W. engaged in conduct or knowingly placed H.W. with
persons who engaged in conduct that endangered her physical or emotional
well-being.Â  J.F.C., 96 S.W.3d at 266.Â  The evidence is thus legally and
factually sufficient to support the trial courtÂs findings on the endangerment
grounds.Â  We overrule J.W.Âs first issue.

Remaining Grounds for TerminationÂ Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  The trial courtÂs findings of fact
contain affirmative findings on four predicate grounds for termination of J.W.Âs
parental rights.Â  Because we have found the evidence legally and factually
sufficient to support the finding that J.W. engaged in conduct that endangered H.W.Âs
physical and emotional well-being, we need not address the sufficiency of the evidence
to support the other three predicate grounds.Â  See In re T.N.F., 205
S.W.3d 625, 629 (Tex. App.ÂWaco 2006, pet. denied).

Â Â Â Â Â Â Â Â Â Â Â  For termination of the parent-child
relationship, the factfinder must make an affirmative finding: (1) on at least
one predicate ground for termination; and (2) that termination is in the best
interest of the child.Â  See Tex.
Fam. Code Ann. Â§ 161.001.Â  Because J.W. does not challenge the trial
courtÂs best interest finding in his appellantÂs brief, we do not address the
sufficiency of the evidence to support the courtÂs best-interest finding. Â See
In re D.M., 244 S.W.3d 397, 403 (Tex. App.ÂWaco 2007, no pet.) (Reyna, J.,
concurring) (ÂIt is well-settled that this Court cannot address an issue in a
civil appeal which has not been raised as an issue or point of error in the
appealing partyÂs brief.Â).

Findings of Fact and Conclusions of Law

Â 

In his second issue, J.W. complains that the trial
court failed to file findings of fact and conclusions of law.Â  He claims that he
timely requested findings of fact and conclusions of law under Civil Procedure
rules 296 and 297.Â  Under Rule 296, a party may request the court to make
written findings of fact and conclusions of law within twenty days after the
judgment is signed.Â  Tex. R. Civ. P.
296.Â  However, the record reflects that J.W. filed a Notice of Past Due
Findings of Fact and Conclusions of Law on February 27, 2008, forty-one days
after the termination order was signed.

The clerkÂs record does not reflect that J.W. ever
filed an initial request for findings of fact and conclusions of law.Â  Because
J.W. failed to formally request findings of fact and conclusions of law within
twenty days of the trial courtÂs judgment, his notice of past due findings of
fact and conclusions of law is untimely, and he has failed to preserve his
claim regarding lack of such findings for appellate review.Â  Strangel v.
Perkins, 87 S.W.3d 706, 709 (Tex. App.ÂDallas 2002, no pet.); DeMello v.
NBC Bank-Perrin Beitel, 762 S.W.2d 379, 381 (Tex. App.ÂSan Antonio 1988, no
pet.).Â  We overrule J.W.Âs second issue.

Conclusion

Because we have found the evidence sufficient to
support at least one predicate act under section 161.001(1) and J.W. failed to challenge
the courtÂs best interest finding and make a timely request for findings of
fact and conclusions of law, the trial courtÂs order is affirmed.

Â 

Â 

Â 

BILL VANCE

Justice

Â 

Â 

Before Chief Justice
Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â Â Â Â Â Â Â  Justice Reyna


Affirmed 

Opinion delivered and
filed October 29, 2008

[CV06]