

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00041-CV

## IN THE INTEREST OF H.W., MINOR CHILD,

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. D200605788

## MEMORANDUM OPINION

Appellant J.W. appeals from a final order terminating his parental rights to his daughter, H.W. In doing so, he challenges the legal and factual sufficiency of the evidence supporting the statutory grounds for termination, but he does not contest the decision that termination was in the best interest of the child. He also argues that the trial court failed to file findings of fact and conclusions of law. We will affirm the order of the trial court.

**Procedural Background**

The petition of the Texas Department of Family and Protective Services (Department) alleged that J.W. committed several predicate acts for termination under

Texas Family Code section 161.001(1), and that termination was in the best interest of H.W. *See* TEX. FAM. CODE ANN. § 161.001 (Vernon Supp. 2007).

The Department first removed H.W. from J.W.'s care on July 25, 2006. The court appointed the Department temporary managing conservator and approved a family service plan outlining the Department's requirements for reunification of J.W. and H.W. After several permanency hearings in which J.W. showed no progress on his family service plan, the trial court ordered J.W. to mediation so that he and H.W.'s mother, L.F., could arrange for adoption of H.W. by L.F.'s husband. J.W. failed to attend.

A non-jury trial to involuntarily terminate J.W.'s parental rights was held on January 18, 2008. J.W. failed to attend but was represented by counsel. At that trial, the court appointed L.F. as sole permanent managing conservator and terminated J.W.'s parental rights.

### Standard of Review

Termination of parental rights is a drastic remedy and is of such weight and gravity that due process requires the petitioner to justify termination by "clear and convincing evidence." *Spangler v. Texas Dept. of Prot. & Reg. Servs.*, 962 S.W.2d 253, 256 (Tex. App.—Waco 1998, no pet.). This standard is defined as "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.*

In a proceeding to terminate the parent-child relationship brought under section 161.001 of the Texas Family Code, the movant must establish by clear and convincing evidence two elements: (1) one or more acts or omissions enumerated under subsection

(1) of section 161.001 (termed a predicate violation); *and* (2) that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001 (Vernon Supp. 2007); *Swate v. Swate*, 72 S.W.3d 763, 766 (Tex. App.—Waco 2002, pet. denied). The factfinder must find that *both* elements are established by clear and convincing evidence, and proof of one element does not relieve the petitioner of the burden of proving the other. *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976); *Swate*, 72 S.W.3d at 766.

Both legal and factual sufficiency reviews in termination cases must take into consideration whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the matter on which the petitioner bears the burden of proof. *In re J.F.C.*, 96 S.W.3d 256, 264-68 (Tex. 2002) (discussing legal sufficiency review); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (discussing factual sufficiency review).

> In a legal sufficiency review, a court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. This does not mean that a court must disregard all evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence.

> If, after conducting its legal sufficiency review of the record evidence, a court determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, then that court must conclude that the evidence is legally insufficient.

*J.F.C.*, 96 S.W.3d at 266.

In a factual sufficiency review, a court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *Id.*

> [T]he inquiry must be "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." A court of appeals should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. A court of appeals should detail in its opinion why it has concluded that a reasonable factfinder could not have credited disputed evidence in favor of the finding.

*Id.* at 266-67 (footnotes and citations omitted). We view the evidence in a neutral light when reviewing for factual sufficiency.

Only one predicate act under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).

### Grounds for Termination

The petition for termination alleged and the court found that J.W. knowingly placed or knowingly allowed H.W. to remain in conditions or surroundings that endangered her physical or emotional well-being and that he engaged in conduct or knowingly placed H.W. with persons who engaged in conduct that endangered her physical or emotional well-being. TEX. FAM. CODE ANN. § 161.001(1)(D) (Vernon Supp. 2007).

Section 161.001(1)(D) of the Texas Family Code states that the court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent has knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child. *Id*. § 161.001(1)(D). "Endanger" means to expose to loss or injury or to jeopardize. *Texas Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). However, it is not necessary that the child actually suffer injury. *Id.* Although this provision addresses the child's surroundings rather than the parent's conduct, conduct by a parent or other resident of a child's home can produce an environment that endangers the physical or emotional well-being of a child. *In re C.L.C.*, 119 S.W.3d 382, 392 (Tex. App.—Tyler 2003, no pet.).

Ninfa Torres, a Department supervisor, testified that she became involved with H.W.'s case when the Department received allegations of neglectful supervision and drug use. The Department sought emergency removal of H.W., who had a history of being in foster care, when a domestic violence incident over drugs occurred at J.W.'s home. During that incident, J.W. got high on cocaine and chased his wife (H.W.'s stepmother) around with a stick.

When J.W. was interviewed about the allegations, he tested positive for cocaine and admitted that he frequently left H.W. with his wife, who used methamphetamines and had issues with depression. Torres testified that this was particularly dangerous because H.W. was also diagnosed with clinical depression and self-harm behavior, which causes her to pull out her hair and pick at the skin on her stomach and arms. She

also testified that H.W. has a heart condition, due to her dependency on cocaine at birth, and that J.W. was not seeking appropriate medical attention for her. Torres reported that on visitation to H.W.'s home, which did not have electricity, H.W.'s appearance was dirty, her hair was unkempt, and the home did not have a place for her to sleep.

Dianne Ames, H.W.'s caseworker, outlined the family service plan created for J.W. to regain custody of H.W. For a year, the Department asked J.W. to demonstrate an ability to maintain a drug-free lifestyle, which included finding drug-free housing and taking random drug tests. J.W. was also asked to provide payment stubs indicating steady employment, utility receipts, and an updated address within 72 hours of any relocation. Finally, he was asked to participate in individual counseling, anger management, parenting skills classes, and to refrain from criminal behavior. Ames testified that at the time of trial, J.W. had not provided the Department with proof of completion of any of the Department's requests. Ames tried to get in contact with J.W. by telephone and with letters on numerous occasions, but he never responded. She also testified that of the eight court proceedings involving J.W.'s parental rights, he had only attended two. J.W. did not attend trial, and his counsel did not present any evidence contradicting the Department's evidence.

Using the appropriate standards of review for legal and factual sufficiency, we conclude that "the evidence is such that a factfinder could reasonably form a firm belief or conviction" that J.W. knowingly placed or knowingly allowed H.W. to remain in conditions or surroundings that endangered her physical or emotional well-being and that J.W. engaged in conduct or knowingly placed H.W. with persons who engaged in

conduct that endangered her physical or emotional well-being. *J.F.C.,* 96 S.W.3d at 266. The evidence is thus legally and factually sufficient to support the trial court's findings on the endangerment grounds. We overrule J.W.'s first issue.

### Remaining Grounds for Termination

The trial court's findings of fact contain affirmative findings on four predicate grounds for termination of J.W.'s parental rights. Because we have found the evidence legally and factually sufficient to support the finding that J.W. engaged in conduct that endangered H.W.'s physical and emotional well-being, we need not address the sufficiency of the evidence to support the other three predicate grounds. *See In re T.N.F.,* 205 S.W.3d 625, 629 (Tex. App.—Waco 2006, pet. denied).

For termination of the parent-child relationship, the factfinder must make an affirmative finding: (1) on at least one predicate ground for termination; and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001. Because J.W. does not challenge the trial court's best interest finding in his appellant's brief, we do not address the sufficiency of the evidence to support the court's best-interest finding. *See In re D.M.,* 244 S.W.3d 397, 403 (Tex. App.—Waco 2007, no pet.) (Reyna, J., concurring) ("It is well-settled that this Court cannot address an issue in a civil appeal which has not been raised as an issue or point of error in the appealing party's brief.").

### Findings of Fact and Conclusions of Law

In his second issue, J.W. complains that the trial court failed to file findings of fact and conclusions of law. He claims that he timely requested findings of fact and

conclusions of law under Civil Procedure rules 296 and 297. Under Rule 296, a party may request the court to make written findings of fact and conclusions of law within twenty days after the judgment is signed. TEX. R. CIV. P. 296. However, the record reflects that J.W. filed a Notice of Past Due Findings of Fact and Conclusions of Law on February 27, 2008, forty-one days after the termination order was signed.

The clerk's record does not reflect that J.W. ever filed an initial request for findings of fact and conclusions of law. Because J.W. failed to formally request findings of fact and conclusions of law within twenty days of the trial court's judgment, his notice of past due findings of fact and conclusions of law is untimely, and he has failed to preserve his claim regarding lack of such findings for appellate review. *Strangel v. Perkins*, 87 S.W.3d 706, 709 (Tex. App.—Dallas 2002, no pet.); *DeMello v. NBC Bank-Perrin Beitel*, 762 S.W.2d 379, 381 (Tex. App.—San Antonio 1988, no pet.). We overrule J.W.'s second issue.

## Conclusion

Because we have found the evidence sufficient to support at least one predicate act under section 161.001(1) and J.W. failed to challenge the court's best interest finding and make a timely request for findings of fact and conclusions of law, the trial court's order is affirmed.

BILL VANCE
Justice

Before Chief Justice Gray,
       Justice Vance, and
       Justice Reyna
Affirmed
Opinion delivered and filed October 29, 2008
[CV06]